BANK OF RAVENSWOOD, Trustee, Plaintiff-Appellee, *v.* NANCY KING, Defendant-Appellant.

First District (1st Division)   No. 78-1385

Opinion filed April 2, 1979.

Thomas Johnson, Julian N. Henriques, Jr., and William P. Wilen, all of Uptown Neighborhood Legal Services, Legal Assistance Foundation of Chicago, of Chicago, for appellant.

Marinakis and Marinakis, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Bank of Ravenswood, trustee under Trust #2824, brought an action under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1977, ch. 57, par. 1 *et seq.*) against the defendant, Nancy King, for possession of an apartment occupied by her. A default judgment was entered against defendant and she was evicted. Defendant appeared specially and moved to quash the service of process on her, to vacate the default judgment for possession and for an order to allow her to return to her apartment. The trial court denied her motion and the defendant appeals from that denial and from the default judgment.

The record discloses the following:

On February 27, 1978, plaintiff filed suit against the defendant seeking possession of Apartment 301 at 2572 Lincoln Avenue, Chicago. Summons was issued and returned by the sheriff "Defendant not found in my county this 3 day of Mar. A.D. 19[78]" and with the further notation "No answer—4 tries."

The here pertinent part of section 10.1 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1977, ch. 57, par. 10.1) provides:

"§10.1 Constructive service—Affidavit—Notice.]

If the plaintiff, his agent, or attorney files a forcible detainer suit, with or without joinder of a claim for rent in the complaint, and has been unable to obtain personal service on the defendant and a summons duly issued in such suit has been returned without service stating that service could not be obtained, then the plaintiff, his agent or attorney may file an affidavit stating that the defendant is not a resident of this State, or has departed from this State, or on due inquiry cannot be found, or is concealed within this State so that process cannot be served upon him, and also stating the place of residence of the defendant, if known, or if not known, that.

upon diligent inquiry the affiant has not been able to ascertain the defendant's place of residence, then in all such forcible detainer cases whether or not a claim for rent is joined with the complaint for possession, the defendant may be notified by posting and mailing of notices; or by publication and mailing, as provided for in the Civil Practice act.

* * *

Such notice shall be in the name of the clerk of the court, be directed to the defendant, shall state the nature of the cause against the defendant and at whose instance issued and the time and place for trial, * * *. The sheriff shall post 3 copies of the notice in 3 public places in the neighborhood of the court where the cause is to be tried, at least 10 days prior to the day set for the appearance, and, if the place of residence of the defendant is stated in any affidavit on file, shall at the same time mail one copy of the notice addressed to such defendant at such place of residence shown in such affidavit. On or before the day set for the appearance, the sheriff shall file the notice with an endorsement thereon stating the time when and places where he posted and to whom and at what address he mailed copies as required by this Section. For want of sufficient notice any cause may be continued from time to time until the court has jurisdiction of the defendant."

On March 8, 1978, plaintiff's attorney filed a printed form "Affidavit for Service by Publication," stating defendant "is concealed within the state so that process cannot be served upon defendant" and that "defendant's place of residence * * * is 2572 Lincoln Ave., Apartment 301, Chicago, Illinois 60614." This affidavit was ink-stamped "POSTING NOTICE." Also filed on the same date was a printed form "Forcible Detainer-Notice by Posting." It, too, was ink-stamped "POSTING NOTICE." This form, headed "Notice Requiring Appearance in Pending Action," was addressed to defendant at 2572 Lincoln Ave., Chicago, IL. 60614.

On March 27, 1978, a default judgment for possession was entered against defendant for failure to appear, with the writ of restitution stayed for seven days. On April 24, 1978, defendant was evicted from the apartment.

On May 12, 1978, defendant filed her special appearance and a motion, supported by her affidavit, to quash service of process, vacate the default judgment and order defendant's return to the apartment. The motion stated that defendant is and was at the time of the filing of the suit a resident of Illinois and resided at 2572 North Lincoln Avenue, Apartment 301, Chicago, Illinois, at the time the suit was filed and until her eviction on April 24, 1978, and that plaintiff, the owner of this

building, so knew. Defendant has not departed from Illinois since before this action was filed and is not concealed within Illinois and has not been since suit was filed so that process cannot be served on her. Defendant could have been found at all times from the filing of this action at her residence at 2572 North Lincoln Avenue, Apartment 301, Chicago. Defendant has not received any notice by mail informing her of this action. She did not receive any notice of this action until the sheriff arrived at her residence and began removing her belongings on April 24, 1978.

The motion further stated that she was never properly served with process as provided by section 10.1 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1977, ch. 57, par. 10.1) and that the service under section 10.1 was defective because (a) plaintiff could have obtained service on her through the offices of the sheriff, (b) defendant was a resident of Illinois, had not departed from the State, was not concealed in the State to avoid service and could have been found at the address from which she was evicted, (c) the sheriff failed to mail to defendant at the address stated in plaintiff's attorney's affidavit a copy of the notice called for by section 10.1, and (d) the sheriff failed to endorse the notice showing when and where he posted the notice and to whom and at what address he mailed the notice required by section 10.1.

Defendant's motion also stated that both section 10.1 on its face and the manner in which the notice was served violate the due process clause of the Fourteenth Amendment to the United States Constitution and article I, section 2 of the Illinois Constitution.

On May 12, 1978, a hearing was held in chambers on defendant's motion. An examination of the posting notice in the court file disclosed that it lacked the required sheriff's endorsement. The matter was continued and on May 19, 1978, a posting notice was produced with a sheriff's rubber stamp endorsement on the reverse side. This endorsement stated that the notice had been served by the posting, at 11 a.m. on March 10, 1978, of one copy of the notice at the Clark Street entrance to the County Building, one copy at the LaSalle Street entrance to the City Hall, and one copy at the 7th floor of the Civic Center, Room 701. It also stated that one copy had been mailed, postage prepaid, on the same day addressed to defendant at 2572 Lincoln Avenue. After a hearing at which an employee of the sheriff's office testified to procedures followed concerning the posting and mailing of notices pursuant to section 10.1, and at which records were introduced tending to show that posting and mailing had taken place in this case, the court ordered the notice with the sheriff's endorsement restored to the file and overruled defendant's motion to quash so far as it alleged the lack of the sheriff's endorsement.

The court then, without a hearing of any kind, found against the defendant on the factual question of concealment. Defendant was not

allowed to cross-examine plaintiff's attorney, who had filed the affidavit stating that she was concealed, nor was she allowed to testify herself, although she had filed an affidavit denying concealment and was present in court, ready to testify. The court also found that the method of constructive service authorized by section 10.1 complied with the dictates of due process.

Judgment was entered denying defendant's motion to vacate the default judgment and to quash service of process.

On appeal, defendant contends: (1) that the trial court erred in denying defendant an evidentiary hearing on the issue of whether she had concealed herself to avoid personal service of process, and (2) that notice by posting, pursuant to section 10.1 of the Forcible Entry and Detainer Act, violates the due process clause of the United States and the Illinois Constitutions.

Plaintiff argues that it followed the laws of Illinois and should be able to rely on the law as set forth by the legislature and that the case is moot because eviction has already taken place.

We agree with defendant's contention that the trial court committed reversible error in denying to defendant an evidentiary hearing on her assertion, supported by affidavit, that she had not concealed herself to avoid personal service of process.

██ █ Service by posting is a form of constructive service. "A party claiming the benefit of a decree upon constructive service must show a strict compliance with every requirement of the statute, and nothing else will invest the court with jurisdiction or give validity to a decree when the same is called into question in a direct proceeding." *Illinois Valley Bank v. Newman* (1933), 351 Ill. 380, 383, 184 N.E. 636, 637.

██ Section 10.1 permits constructive service by posting where personal service cannot be obtained if the plaintiff or his attorney files an "affidavit stating that the defendant is not a resident of this State, or has departed from this State, or on due inquiry cannot be found, or is concealed within this State so that process cannot be served upon him, * * *." The quoted phrases are not intended as useless phrases, but are put there for a purpose. They raise factual questions which must be resolved by evidence.

In *Graham v. O'Connor* (1932), 350 Ill. 36, 182 N.E. 764, an action was brought to quiet title. Defendant claimed plaintiffs were barred by a prior action as unknown heirs because service had been had by publication on the "unknown heirs" of their ancestor, based upon defendant's affidavit stating that after "diligent search and on due inquiry" she could not ascertain the names or addresses of the "unknown heirs." Plaintiffs claimed that no jurisdiction had been obtained over them in the prior action because the affidavit was false in that "on due inquiry" they

could have been found and served personally. Unlike the present case, an evidentiary hearing was held which disclosed that defendant could have found the names and addresses of the heirs of plaintiffs' ancestor. The court held all proceedings in the prior action were void, stating at pages 40-41:

"To secure jurisdiction over unknown parties by constructive service through publication is a concession of the law to the hard circumstance of necessity. The statute is particular in enumerating the necessary steps. The phrases 'due inquiry' and 'diligent inquiry' in that statute are not intended as useless phrases but are put there for a purpose. Those two phrases have a well understood meaning that cannot be reconciled with the taking of a chance or guessing that the names and addresses of unknown parties can not be ascertained. A perfunctory inquiry does not comply with the provisions of the statute. An honest and well directed effort must be made to ascertain the names and addresses of unknown parties. The inquiry must be as full as the circumstances of the particular situation will permit. In this case the evidence shows that the defendant was a real estate dealer and at the time she obtained her tax deed was employed in the office of the county clerk of Winnebago county. The record shows she is a person of more than average intelligence, and we are warranted in assuming that she understood the importance and relation of public records to land titles. It is clear that the defendant fell far short of making the 'due inquiry' and 'diligent inquiry' required by the statute. Consequently her affidavits did not speak the truth. It necessarily follows that the court did not acquire jurisdiction over the complainants by constructive service based upon false affidavits. So far as these complainants are concerned, all proceedings had in the defendant's action with relation to the land in question are null and void and do not foreclose the complainants from bringing their suit to quiet title. The decree so obtained may be set aside at any time thereafter on the discovery of fraud. (*Busby v. Maus*, 294 Ill. 401.) * * *"

The same conclusion has been reached in a suit to vacate a prior money judgment and set aside a sheriff's deed obtained through attachment of real estate in execution of that judgment (*Liepelt v. Baird* (1959), 17 Ill. 2d 428, 161 N.E.2d 854), in the foreclosure of a mortgage lien (*Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 376 N.E.2d 1029), and in building demolition cases (*City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 284 N.E.2d 449; *City of Chicago v. Moran* (1974), 17 Ill. App. 3d 515, 308 N.E.2d 324; *Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 315 N.E.2d 215; *Hecko v. City*

*of Chicago* (1975), 25 Ill. App. 3d 572, 323 N.E.2d 595, *appeal denied* (1975), 58 Ill. 2d 596).

In *Schwartz,* the court in speaking of the affidavit concerning "diligent inquiry" said (21 Ill. App. 3d 84, 91):

> "* * * Such an affidavit does not foreclose further inquiry. Courts will, if necessary, look behind the document's allegations and if they do not speak the whole truth, jurisdiction will not obtain. (*City of Chicago v. Moran* (1974), 17 Ill. App. 3d 515, 308 N.E.2d 324; *City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 284 N.E.2d 449.) * * *"

and in *Hecko* the court specifically stated with reference to a similar affidavit (25 Ill. App. 3d 572, 579-80):

> "* * * Additionally, the Heckos were entitled to a hearing on their contention that the City had filed a false affidavit in the proceedings to foreclose the demolition lien. * * *"

The reasoning of these cases is equally applicable to the affidavit of plaintiff's counsel stating that defendant "is concealed within the state so that process cannot be served upon defendant." The trial court erred in refusing to grant defendant a hearing on the factual issue raised by her affidavit that she had never "been concealed within Illinois so that process could not have been served" on her.

Reasoning from the premise above established, if the eviction was void for lack of jurisdiction, the accomplished fact of eviction would not make the case moot.

Finally, the conclusion we have reached makes it unnecessary to consider the constitutional questions raised by defendant. *Bender v. City of Chicago* (1974), 58 Ill. 2d 284, 319 N.E.2d 34.

The judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with the views expressed.

Reversed and remanded.

GOLDBERG, P. J., and CAMPBELL, J., concur.