2021 IL App (1st) 190560-U
Order filed: April 9, 2021

FIRST DISTRICT
FIFTH DIVISION

No. 1-19-0560

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2007-4 Asset Backed Certificates, Series 2007-4, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | 17-M1-716231 |
| THEAPLUS LEE, | ) ) | Honorable James Wright, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Jurisdiction was proper for the circuit court's default order of possession where defendant failed to successfully challenge plaintiff's affidavits demonstrating that it had complied with the requirements of section 9-107 of the Eviction Act for constructive service by posting.

¶ 2    Plaintiff, Wells Fargo Bank, brought an eviction action against defendant, Theaplus Lee, seeking possession of certain real property at 2826 West Warren Boulevard that had been

foreclosed upon and for which an order approving the sale had been entered. On December 14, 2017, the court entered an order granting plaintiff possession of the property. On February 21, 2019, defendant brought a section 2-1401 petition (735 ILCS 5/2-1401 (West 2018)) to vacate the order of possession, which the circuit court denied. Defendant appeals. We affirm.[1]

¶ 3    On January 2, 2009, plaintiff filed an action to foreclose on its mortgage on the subject property. The foreclosure judgment was entered on April 8, 2011, and an order approving the sale was entered on August 18, 2011. Despite the foreclosure and sale, defendant remained on the property.

¶ 4    Plaintiff filed an eviction action against defendant on September 27, 2017. Plaintiff attempted personal service on defendant through the Cook County Sheriff. The Sheriff's affidavit of service showed that he attempted to serve defendant at the subject property on October 4 at 3:05 p.m., on October 7 at 4:55 p.m., on October 21 at 4:50 p.m., and on October 24 at 3:15 p.m. All attempts at service were unsuccessful due to "no contact."

¶ 5    Plaintiff subsequently utilized a special process server, whose affidavit of service shows she attempted to serve defendant at the subject property on November 8 at 11:50 a.m. The property "appear[ed] occupied" and had a sign posted on the building entrance that "threatens visitors with prosecution." Service was unsuccessful due to "no answer." The special process server also attempted to serve defendant at the subject property on November 10 at 12:05 p.m., and on November 13 at 11:19 a.m. Each attempt was unsuccessful due to "no contact." The special process

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

server noted that on November 13 there was no uncollected mail or newspapers or parcels visible outside of the building.

¶ 6    On November 21, 2017, plaintiff's attorney, Joseph M. Herbas, executed an affidavit for service by posting pursuant to section 9-107 of the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-107 (West 2016))[2]. Section 9-107 states:

> "Constructive service. If the plaintiff, his or her agent, or attorney files an eviction action *** and is unable to obtain personal service on the defendant or unknown occupant and a summons duly issued in such action is returned without service stating that service can not be obtained, then the plaintiff, his or her agent or attorney may file an affidavit stating that the defendant or unknown occupant is not a resident of this State, or has departed from this State, or on due inquiry cannot be found, or is concealed within this State so that process cannot be served upon him or her, and also stating the place of residence of the defendant or unknown occupant, if known, or if not known, that upon diligent inquiry the affiant has not been able to ascertain the defendant's or unknown occupant's place of residence, then in all such eviction cases *** the defendant or unknown occupant may be notified by posting and mailing of notices; or by publication and mailing, as provided for in section 2-206 of this Act." *Id.*

¶ 7    In his affidavit for service by posting, Herbas stated:

> "1. Plaintiff is the owner of the property as a result of a mortgage foreclosure. After Plaintiff obtained legal possession of the property, [defendant] broke into the property without Plaintiff's permission, which [led] to this action being filed.

---

[2] On January 1, 2018, the Forcible Entry and Detainer Act was renamed the Eviction Act.

2. Defendant's last known place of residence is the subject property, which is 2826 West Warren Boulevard, Chicago, IL 60612.

3. Plaintiff's attorneys have attempted to serve Defendant Theaplus Lee and Defendant Unknown Occupants via the Cook County Sheriff's Department (Exhibit A) and via a special process server (Exhibit B) without success.

4. During each of the service attempts, no occupants were found at the property.

5. There is a gate surrounding the property and a sign threatening visitors which hinders Plaintiff's ability to determine (1) whether any party is currently residing in the property; (2) whether the property is vacant; and (3) whether any of the defendants have any personal possessions inside the property.

6. Defendant Theaplus Lee is either concealed within the state by hiding inside the property or he has vacated the property and cannot now be located. Therefore, personal service cannot be served upon him.

7. In addition, service attempts on any unknown occupants at the property address have been unsuccessful because no party answers the door when the service attempts are made.

8. After diligent inquiry, Defendants cannot be served with process via personal service and posting at the property is the most effective manner of service."

¶ 8    On December 4, 2017, the Sheriff filed an affidavit attesting that he posted notice of the pending action at the Cook County Government Building (118 N. Clark Street), Chicago City Hall (121 N. LaSalle) and the Daley Center (50 W. Washington, Room 701). He also mailed a copy of the notice to defendant at 2826 West Warren Boulevard.

¶ 9     On December 14, 2017, the court entered a *default* order granting plaintiff possession of the property.

¶ 10     On January 8, 2018, defendant filed a *pro se* motion to "dismiss" the December 14, 2017, default order, arguing that plaintiff had not served him with the eviction complaint. On January 30, 2018, the circuit court held a hearing on defendant's motion at which defendant was present. The court found defendant in direct criminal contempt for using an obscenity when referring to his counsel and for threatening a Sheriff's deputy and challenging the deputy to shoot him. The court sentenced defendant to four days in prison and entered an order striking his motion to dismiss and stating that the order of possession entered on December 14, 2017, shall stand.

¶ 11     On March 1, 2018, defendant filed a *pro se* motion asking the court to reconsider the December 14 order, arguing that he had never been properly served with summons and complaint. Defendant subsequently filed a *pro se* "amended motion to quash posting service or, in alternative to vacate the court's December 14, 201[7], *ex parte* order for possession."[3] Defendant argued in the amended motion to quash that plaintiff and attorney Herbas failed to make due inquiry into his whereabouts and therefore that constructive notice via posting was not allowable and that the court correspondingly lacked personal jurisdiction over him to enter the December 14 order for possession.

¶ 12     In support of his amended motion to quash service, defendant attached a counter-affidavit stating that: at all relevant times, for the last 55 years he has lived at 2826 West Warren Boulevard;

---

[3] The record on appeal shows that on April 26, 2018, defendant filed a notice of motion that he would be presenting the amended motion to quash on May 7, 2018. Defendant certified that he sent a copy of the notice of motion to plaintiff. The amended motion to quash contained in the record has no filing date; however, (as discussed herein) the court later denied the motion and thus the motion obviously must have been presented to the court.

he was never served with a copy of a complaint or summons in the eviction action; and he has not departed from Illinois or concealed himself and could have been found with due inquiry.

¶ 13    On June 11, 2018, the circuit court denied defendant's amended motion to quash service, without holding an evidentiary hearing. Defendant did not appeal that order. On February 21, 2019, defendant filed a section 2-1401 petition to vacate the December 14, 2017, order of possession. Defendant again argued that he had never been personally served with summons and a complaint in the eviction action, that plaintiff had failed to make due inquiry into his whereabouts to support constructive service via posting, and therefore that the court's December 14, 2017, order was void for lack of jurisdiction. The court denied defendant's section 2-1401 petition on March 7, 2019. Defendant filed his notice of appeal from the denial of the section 2-1401 petition on March 15, 2019.

¶ 14    Section 2-1401 allows for relief from final orders and judgments more than 30 days but less than two years after their entry. 735 ILCS 5/2-1401 (West 2018). A petition brought under this provision is not a continuation of the original proceeding, but is a new cause of action, subject to the rules of civil procedure. *Cavitt v. Repel*, 2015 IL App (1st) 133382, ¶ 45. The purpose of a section 2-1401 petition is to bring to the attention of the circuit court facts not of record which, if known by the court at the time judgment was entered, would have prevented its rendition. *Id.*

¶ 15    To obtain relief under section 2-1401, defendant must set forth specific factual allegations showing (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim in the original action; and (3) due diligence in filing the section 2-1401 petition. *People v. Miles*, 2017 IL App (1st) 132719, ¶ 21. However, the time limitations and aforementioned criteria do not apply if the section 2-1401 petition seeks to vacate a void judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). We review *de novo* a

judgment on a section 2-1401 petition claiming voidness due to lack of personal jurisdiction. *PNC Bank, National Association v. Kusmierz*, 2020 IL App (2d) 190521, ¶ 19. Plaintiff has not filed a brief in this court, and we resolve this appeal solely on defendant's brief and the record on appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 16    Defendant's argument on appeal is that the court should have granted the section 2-1401 petition and vacated the December 14, 2017, order of possession because plaintiff failed to make sufficient efforts toward personal service before resorting to constructive service pursuant to section 9-107.

¶ 17    Initially, we note that defendant's section 2-1401 petition would have been subject to dismissal on collateral estoppel grounds. Collateral estoppel prevents an issue that has been addressed by a court of competent jurisdiction from being later relitigated between the same parties in a different cause of action, such as in a section 2-1401 proceeding. *In re Marriage of Klebs*, 196 Ill. App. 3d 472, 479 (1990). The three requirements of collateral estoppel are that: (1) there was a final judgment on the merits in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party to the prior case; and (3) the issue decided in the prior case is identical to the issue presented in the suit in question. *Hurlbert v. Charles*, 238 Ill. 2d 248, 255 (2010).

¶ 18    All three elements were met here. There was a final judgment on the merits in the prior eviction case and defendant (the party to be estopped) was a party to that case. There was also an identity of issues between the eviction case and the section 2-1401 petition. During the eviction case, when denying the amended motion to quash service, the court considered and rejected defendant's argument regarding plaintiff's allegedly improper constructive service of him and

found that it had personal jurisdiction over defendant; the section 2-1401 petition raises the same issue regarding plaintiff's constructive service of defendant that was already litigated and ruled on in the prior proceeding. Accordingly, relitigation of the constructive service issue in the circuit court was barred by collateral estoppel. See *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009) (a section 2-1401 petition may not be used to relitigate issues already decided).

¶ 19    Collateral estoppel aside, service of process serves two purposes. First, it gives notice to those whose rights are about to be affected by plaintiff's actions. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006). Second, it vests jurisdiction in the circuit court over the person whose rights are to be affected by the litigation. *Id.* Section 9-107 provides two methods of constructive service for when plaintiff is unable to obtain personal service on defendant: service by posting and service by publication. 735 ILCS 5/9-107 (West 2018)[4]. Constructive service is only permitted when plaintiff strictly complies with the statute's requirements of presenting an affidavit stating that it has made *both* a diligent inquiry in ascertaining defendant's residence and a due inquiry in ascertaining his whereabouts and that he cannot be located. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 30. Superficial compliance with the statute will not suffice. *Nasolo*, 364 Ill. App. 3d at 32. Defendant must make as honest and well-directed an effort to ascertain defendant's residence and whereabouts as the circumstances permit. *Id.* Constructive service will only be overturned where plaintiff's efforts to discover defendant's residence and whereabouts are casual, routine, or spiritless. *Deephaven Mortgage, LLC v. Jones*, 2020 IL App (1st) 191468, ¶ 55.

---

[4] As section 9-107 provides the same requirements for constructive service by posting as for constructive service by publication, cases discussing those requirements are relevant here regardless of which mode of constructive service was used in those cases. *Id.* at 31.

¶ 20    Defendant may file a counter-affidavit challenging the truthfulness of plaintiff's affidavit that it made diligent inquiry in ascertaining his residence and due inquiry in ascertaining his whereabouts. *Richards*, 2016 IL App (1st) 152083, ¶ 31. If defendant is able to present a "significant issue" with respect to the truthfulness of plaintiff's affidavit (*id.*), then an evidentiary hearing should be held to determine whether diligent and due inquiry were conducted. *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 19.

¶ 21    The facts of the present case are similar to *Richards*. In *Richards*, plaintiff's attorney filed an affidavit for constructive service by publication averring that she made diligent inquiry to ascertain defendant's residence and due inquiry to ascertain her whereabouts but that defendant could not be found. 2016 IL App (1st) 152083, ¶ 4. Plaintiff also filed affidavits from its process servers detailing their unsuccessful efforts to serve defendant multiple times at her known property address. *Id.* ¶¶ 4-5. The publication notice was published in the Chicago Daily Law Bulletin. *Id.* ¶ 7. Defendant failed to file an appearance or answer and the court entered a default judgment and judgment of foreclosure and sale. *Id.* ¶ 8.

¶ 22    Defendant subsequently filed a motion to vacate the default judgment and to quash service of summons by publication which was supported by her affidavit attesting that: she resided at the property address at all relevant times; she had not been concealed within the state; her whereabouts and place of residence were readily ascertainable; and the process servers failed to perform the requisite inquiries into her residence and whereabouts. *Id.* ¶ 12. The circuit court denied the motion to quash and the motion to vacate. *Id.* ¶ 14. We affirmed, noting that defendant's affidavit did not rebut plaintiff's affidavits from its attorney and process servers indicating that it made a diligent inquiry into defendant's residence, where defendant admitted that she resided at the property address at which the process servers attempted to serve her. *Id.* ¶ 34. Defendant's affidavit also did

not rebut plaintiff's affidavits from its attorney and process servers indicating that it made due inquiry into her whereabouts, as there was no dispute that plaintiff made multiple attempts to serve defendant over several days at her known property address, which was enough to show an honest and well-directed effort to ascertain her whereabouts sufficient to meet the due inquiry requirement. *Id.* ¶ 37. We rejected defendant's argument that plaintiff should have attempted to speak with her neighbors to determine her whereabouts, as defendant admittedly resided at the property and numerous service attempts were made there when it appeared she was at home, but she did not answer. *Id.* ¶ 35. We also rejected defendant's argument that the circuit court should have conducted an evidentiary hearing on her motion to quash, as her affidavit did not contradict plaintiff's affidavits regarding its diligent inquiry into her residence and its due inquiry into her whereabouts and thus did not raise a significant issue with respect to their truthfulness. *Id.* ¶ 38.

¶ 23    As in *Richards*, there is no conflict here between the affidavit filed by defendant and the affidavits filed by Herbas, the Sheriff, and the special process server with respect to whether plaintiff met the requirement that it make diligent inquiry to ascertain defendant's residence prior to constructive service by posting. Herbas attested that defendant's last known address was the subject property at 2826 West Warren Boulevard, which is where the Sheriff and the special process server made multiple attempts to serve him.  In his counter-affidavit, defendant admitted that "at all relevant times," *i.e.*, during the period when plaintiff was attempting to effectuate personal service on him, he was living in the subject property. Defendant did not aver that he lived or stayed at any other addresses. Defendant thus did not call into question the truthfulness of the affidavits from Herbas, the Sheriff, and the special process server with respect to his residence; in fact, defendant's counter-affidavit supports Herbas's representations that personal service was attempted at the correct address because defendant affirms that plaintiff sought to serve him at his

acknowledged residence. By accurately ascertaining defendant's residence, plaintiff met the diligent inquiry requirement for constructive service by posting.

¶ 24    Plaintiff also met the requirement that it make due inquiry into defendant's whereabouts. Herbas attested that the Sheriff and the special process server attempted to serve defendant at the subject property. The Sheriff's affidavit of service indicated that he attempted to serve defendant at the subject property on October 4, October 7, October 21, and October 24, 2017. The special process server's affidavit indicated that she attempted to serve defendant at the subject property on November 8, November 10, and November 13, 2017. All these attempts at service by the Sheriff and the special process server were unsuccessful because defendant never answered the door of his residence (even though, as noted by the special process server, his building appeared to be occupied). We find that plaintiff's seven attempts via the Sheriff and the special process server to serve defendant at his acknowledged residence on seven different days over a period of more than a month (even in the face of a threatening sign and a gate surrounding the property) were honest and well-directed efforts to ascertain defendant's whereabouts as the circumstances permitted. Nothing in defendant's affidavit raises any issue with respect to the truthfulness of Herbas's affidavit, the special process server's affidavit, or the Sheriff's affidavit, all of which together show that due inquiry was made into defendant's whereabouts prior to constructive service by posting.

¶ 25    Defendant contends, though, that plaintiff failed to make due inquiry into his whereabouts because no effort was made to contact his neighbors or his place of employment. We disagree. Plaintiff is not required to speak to defendant's neighbors about his whereabouts where, as here, multiple service attempts are made at his admitted residence and where the special process server's affidavit indicated that he appeared to be home but was not answering. *Richards*, 2016 IL App (1st) 152083, ¶ 35; *Household Finance Corp. v. Volpert*, 227 Ill. App. 3d 453, 456 (1992). Plaintiff

is not required to investigate defendant's employment where, as here, defendant's affidavit did not state that he was working at the time of constructive service or that he could have been located at his place of employment. *Volpert*, 227 Ill. App. 3d at 456.

¶ 26    Defendant argues that the section 2-1401 petition should have been granted so that an evidentiary hearing could be held on the truthfulness of Herbas's affidavit and he cites *Bank of Ravenswood v. King*, 70 Ill. App. 3d 908 (1979), in support. In *King*, plaintiff brought a forcible entry and detainer action against defendant. *Id.* at 909. Summons was issued and returned by the Sheriff, stating that defendant was "not found in my county" after four unsuccessful attempts at service were made. *Id.* The return of service as quoted in *King* does not specifically state where the Sheriff attempted to personally serve defendant and whether any of the service attempts were made at defendant's residence. Plaintiff's attorney subsequently filed an affidavit for service by publication, attesting that defendant was concealed within the state so that process could not be served on her. *Id.* at 910. A default judgment for possession was entered against defendant. *Id.* Defendant subsequently filed a motion to quash service of process and vacate the default judgment and attached an affidavit stating that she had not concealed herself and could have been found at her residence at 2572 North Lincoln Avenue. *Id.* at 910-11. The circuit court, without holding a hearing, denied defendant's motion to vacate the default judgment and to quash service of process and found against defendant on the factual question of concealment. *Id.* at 911-12. We reversed and remanded, holding that the circuit court erred in refusing to grant defendant an evidentiary hearing on the factual issue raised by her affidavit with respect to whether she had actually concealed herself from plaintiff so that process could not be served on her. *Id.* at 914.

¶ 27    Unlike *King*, where the return of service as quoted therein indicates some uncertainty as to whether plaintiff attempted to personally serve defendant at her acknowledged residence, the

record here is clear that the Sheriff and special process server made multiple attempts to serve defendant at his residence and that defendant admits he was staying at the residence during the service attempts. Thus there is no factual dispute with regard to plaintiff's diligent inquiry into defendant's residence or its due inquiry into his whereabouts; accordingly, an evidentiary hearing was not required. See *e.g.*, *Richards*, 2016 IL App (1st) 152083, ¶ 38; *Jones*, 2020 IL App (1st) 191468, ¶ 58. To the extent, if any, that *King* holds that the mere filing of a counter-affidavit by the defendant attesting that he was not concealed and could have been personally served is always sufficient to merit an evidentiary hearing as to whether the requisite diligent and due inquiries were made, we follow the more recent decisions in *Richards* and *Jones* that an evidentiary hearing is only required where defendant presents a significant issue with respect to the truthfulness of the affidavit filed by plaintiff's agent for constructive service. No such issue was raised here; accordingly, we reject defendant's argument that an evidentiary hearing was needed.

¶ 28    For all the foregoing reasons, we affirm the circuit court.

¶ 29    Affirmed.