2024 IL App (1st) 232371-U

No. 1-23-2371

Third Division
December 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| MARIAN REALTY, INC., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| v. | ) | |
| | ) | No. 22 M1 719747 |
| QADREE WOODLAND and UNKNOWN | ) | |
| OCCUPANTS, | ) | The Honorable |
| | ) | James A. Wright, |
| Defendants | ) | Judge Presiding. |
| | ) | |
| (Qadree Woodland, | ) | |
| Defendant-Appellant). | ) | |
| | ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The circuit court's judgment is affirmed, where (1) the defendant was properly served with the summons through posting and (2) the circuit court appropriately denied defendant's motion for substitution of judge for cause without transferring the matter to another judge for hearing.

¶ 2    The instant appeal arises from an eviction action filed by plaintiff Marian Realty, Inc., against defendant Qadree Woodland. Defendant contends that he was never properly served,

and the circuit court's orders against him are therefore void for lack of jurisdiction. Defendant further claims that the circuit court erred in denying his motion for substitution of judge for cause without transferring the matter to a different judge for review. For the reasons set forth below, we affirm the circuit court's judgment.

¶ 3                                    BACKGROUND[1]

¶ 4        On December 19, 2022, plaintiff filed an eviction complaint against defendant with respect to a residence on Kenwood Avenue in Chicago. A summons was issued the next day, to be served by the sheriff's office. The sheriff's office, however, was unable to serve defendant, due to "no contact." As a result, on February 9, 2023, plaintiff filed a motion for appointment of a special process server, which was granted.

¶ 5        An alias summons was issued on February 16, 2023, and the special process server filed an affidavit of service on March 13, 2023, indicating that defendant was served through substitute service on March 11, 2023. The matter came before the circuit court the next day and was referred to the Early Resolution Program (ERP) for assessment.

¶ 6        On April 10, 2023, defendant filed a *pro se* motion to quash service, alleging that the summons and complaint were placed underneath his door, not left with an individual as indicated in the affidavit of service, and were "served" less than seven days before the court date in violation of court rules. As a result of defendant's motion, the matter was transferred from its initial courtroom (courtroom 1302) to courtroom 1402 for further proceedings.

¶ 7        On May 1, 2023, the circuit court granted defendant's motion to quash service, with no objection from plaintiff, and on the same day, granted a motion filed by plaintiff for

---

[1] As the primary issue on appeal concerns the adequacy of service of process, we relate the procedural aspects of the proceedings in considerable detail.

appointment of a different special process server. On May 17, 2023, however, two employees of the special process server filed affidavits of non-service, indicating that they had attempted to serve defendant at his residence a total of three times, with no response. In his affidavit, one of the special process servers stated that he observed lights on inside the residence and heard footsteps, but received no answer to his knocks.

¶ 8        On May 25, 2023, plaintiff filed a "Motion for Service by Special Order of Court," seeking leave to serve defendant via e-mail, in accordance with Illinois Supreme Court Rule 102 (eff. Apr. 24, 2023). Plaintiff claimed that obtaining personal service on defendant had "proven difficult and impractical," with several process servers having no success. Plaintiff noted that the Illinois Supreme Court had recently amended Rule 102 to allow for service of process by e-mail where " 'the court is satisfied that the defendant/respondent has access to and the ability to use the necessary technology to receive and read the summons and documents electronically' " (quoting Ill. S. Ct. R. 102(f) (eff. Apr. 24, 2023)). Plaintiff argued that defendant had the access and ability to do so, as he had filed pleadings in the case using electronic means and had included his e-mail address. Accordingly, "[i]n the interest of expediency and efficiency," plaintiff sought leave to serve defendant via e-mail by (1) sending an e-mail to the e-mail address used to file his prior pleadings and (2) mailing a copy of the summons and complaint to his last known address within 10 days of the e-mail.

¶ 9        Plaintiff's motion was granted, and service of the summons and complaint was attempted on defendant through (1) an e-mail sent on June 7, 2023; (2) first class mail sent on June 6, 2023; and (3) FedEx delivery on June 7, 2023. Upon sending the e-mail, however, Microsoft Outlook returned a message stating that the e-mail was undeliverable, as the e-mail address "wasn't found at gmail.com."

¶ 10        On June 14, 2023, the circuit court entered a default judgment against defendant, awarding plaintiff possession of the property and a money judgment in the amount of $29,750.21 in rent and court costs.

¶ 11        On June 22, 2023, defendant filed a *pro se* motion to quash service, claiming that plaintiff had provided "no evidence of recently sent and received transmissions" for the e-mail address used to attempt service, as required by Rule 102, and did not provide proof of a successful e-mail transmission, as the message was returned as undeliverable. Defendant further claimed that at the May 1, 2023, court hearing on his earlier motion to quash service, plaintiff's attorney had requested permission to serve defendant via e-mail, but defendant objected "on the grounds that I do not check that e-mail account regularly and might not be aware that I've been served." Defendant noted that the amendment to Rule 102 was not in effect when he filed his initial motion to quash service, and "[t]hat email address was only meant for use in the Motion to Quash." On July 7, 2023, defendant also filed a *pro se* motion to vacate the default judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), based on the allegedly defective service. Finally, on July 10, 2023, defendant filed a motion to dismiss the eviction action for lack of personal jurisdiction pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2022)), again based on the allegedly defective service.

¶ 12        All three motions came before the circuit court for hearing on July 10, 2023, and the circuit court granted defendant's motions to quash service and to vacate the eviction order, without objection from plaintiff, but denied his motion to dismiss for lack of personal jurisdiction. Plaintiff proceeded to issue fourth, fifth, and sixth alias summonses, without success. In connection with the service attempts, plaintiff filed two affidavits of nonservice from employees of the special process server, one of which detailed a stakeout at defendant's

address. In the affidavit, the employee indicated that he observed a person appearing to be defendant inside the apartment, but the person failed to respond to multiple knocks at the door. Eventually, on August 30, 2023, the circuit court entered an order permitting service by posting, which was effectuated by the sheriff's office on September 11, 2023.

¶ 13    On September 21, 2023, defendant filed a *pro se* motion to dismiss for lack of personal jurisdiction pursuant to section 2-301 of the Code, contending that plaintiff had failed to establish that he was concealed within the state, as required for service by posting under section 9-107 of the Code (735 ILCS 5/9-107 (West 2022)). The circuit court denied defendant's motion, and the matter proceeded to trial on October 17, 2023. Prior to trial, defendant filed a motion for substitution of judge for cause, claiming that the judge had formed negative conclusions about defendant which had influenced the judge's rulings. The circuit court noted that defendant's motion did not appear on the court's docket,[2] so it proceeded to conduct the trial. As defendant had not submitted to the court's jurisdiction, he was not permitted to participate in the trial, including presenting evidence or challenging plaintiff's evidence. The circuit court ultimately entered an eviction order granting plaintiff possession of the property; the eviction order indicated that the claim for rent was dismissed, but that "Plaintiff may seek this money in the future."

¶ 14    On October 23, 2023, defendant filed a motion to vacate all orders entered after March 14, 2023, as void. Defendant contended that his case was transferred from room 1302 to room 1402 on March 14, 2023, based on plaintiff's incorrect representation that defendant had been served, and claimed that any orders entered in room 1402 were therefore void for lack of

---

[2] The time-stamp on the motion in the record on appeal indicates that it was filed at 2:53 a.m. on the morning of trial.

jurisdiction. On November 13, 2023, the circuit court entered an order (1) denying defendant's motion with prejudice, (2) prohibiting defendant from filing any further motions in the case without leave of court, and (3) barring defendant from filing any "further motions attacking the judgment." On the same day, defendant re-noticed his prior motion for substitution of judge for cause.

¶ 15     On November 16, 2023, defendant filed a motion for leave to file a motion to reconsider, seeking to file a motion to reconsider based on a challenge to the adequacy of service. On November 21, 2023, the circuit court denied defendant's motion for leave to file a motion to reconsider and his motion for substitution of judge, both with prejudice. Defendant's eviction from the property was effectuated on November 30, 2023.

¶ 16     This *pro se* appeal follows.

¶ 17                                    ANALYSIS

¶ 18     On appeal, defendant contends that all orders entered after March 14, 2023, are void due to lack of jurisdiction, and further contends that the circuit court erred in denying his motion for substitution of judge for cause. As an initial matter, while not raised by the parties, we briefly discuss the issue of mootness, in light of the fact that defendant no longer has possession of the subject premises. An appeal is moot "if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. A reviewing court will generally not decide a moot question, as "such a decision would essentially be an advisory opinion." *Id.*

¶ 19     Our courts have regularly found that a challenge to an eviction order is rendered moot if the plaintiff has already regained possession of the property, as it is impossible to render

effective relief to the appealing party. See, *e.g.*, *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607-08 (2007); *Said Iskan Investments, LLC v. Drew*, 2024 IL App (1st) 231707-U, ¶ 14. Where, however, a defendant challenges service in an eviction proceeding, an appeal is not moot even after possession has been returned to the plaintiff. See, *e.g.*, *Ortiz v. Tinsley*, 2023 IL App (1st) 220198-U, ¶ 29; *Bank of Ravenswood v. King*, 70 Ill. App. 3d 908, 914 (1979). Since defective service results in a lack of personal jurisdiction over the defendant, the resultant eviction order is void *ab initio* and may be attacked at any time. See *JPMorgan Chase Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 46. "[I]f the eviction was void for lack of jurisdiction, the accomplished fact of eviction would not make the case moot." *Bank of Ravenswood*, 70 Ill. App. 3d at 914. Defendant's appeal in this case is therefore not moot, and we proceed to consider the merits of his claims.

¶ 20    As noted, defendant's claims primarily center around his challenge to the circuit court's jurisdiction. Defendant first contends that the circuit court lacked jurisdiction to enter any orders after March 14, 2023, as the matter remained in courtroom 1402 even after service was quashed. We find no merit to this argument. Defendant appears to believe that the case was required to return to courtroom 1302 after his motion to quash service was granted. The courtroom in which a case is decided, however, has no bearing on the circuit court's jurisdiction. The circuit court is a court of general jurisdiction, and any of its judges has the power to hear and dispose of any matter properly pending in the circuit court. *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.*, 256 Ill. App. 3d 821, 823 (1993). Moreover, the local rules of the circuit court of Cook County expressly provide that "any action may be assigned to any judge or associate judge of the Circuit Court of Cook County for hearing or trial, regardless of the department, division or district in which the case was filed or

to which the judge is regularly assigned." Cook County G.O. 1.3(a) (Mar. 10, 2022). Even if the case was assigned to the wrong courtroom, the local rules are clear that "[n]o action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district." Cook County G.O. 1.3(b) (Mar. 10, 2022). There is consequently no basis for finding that the assignment of the case to courtroom 1402 in any way deprived the circuit court of jurisdiction, even after defendant's initial motion to quash service was granted.

¶ 21        We similarly find unpersuasive defendant's challenge to the circuit court's allowance of service by posting. Defendant's precise argument is not entirely clear, but he appears to contend that service by posting was improper where plaintiff had not adequately established that personal service was unavailable.[3] Generally, service of summons on an individual defendant is made by leaving a copy of the summons with the defendant or with a member of his household. See 735 ILCS 5/2-203(a) (West 2022). Where, however, a plaintiff is unable to obtain personal service on a defendant in an eviction action, the defendant may be served by posting, so long as the plaintiff files an affidavit stating that "the defendant or unknown occupant is not a resident of this State, or has departed from this State, or on due inquiry cannot be found, or is concealed within this State so that process cannot be served upon him or her." 735 ILCS 5/9-107 (West 2022). If a defendant is served by posting, however, the circuit court may rule only on the portion of the complaint which seeks possession and may not enter judgment on any attendant claim for rent.[4] *Id.*

---

[3] We note that defendant's brief includes arguments concerning plaintiff's attempt to serve him through e-mail and plaintiff's brief addresses these arguments. Defendant, however, successfully quashed the service through e-mail, and was ultimately served through posting. To the extent, therefore, that plaintiff's actions in attempting service through e-mail are relevant to the instant appeal, it is only in the context of determining whether the circuit court properly allowed service by posting.

[4] In this case, as noted, plaintiff's rent claim was dismissed.

¶ 22    "Strict compliance with section 9-107 of the Act's requirements is mandatory." *Corlis v. Edelberg*, 2018 IL App (1st) 170049, ¶ 14. This includes the requirement that a plaintiff conduct a "due inquiry" into the defendant's whereabouts. See *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006). "Superficial efforts at complying with the statute will not suffice" (*id.*), as "the law requires an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit" (internal quotation marks omitted) (*id.*).

¶ 23    In this case, defendant does not challenge plaintiff's compliance with the procedural requirements of section 9-107. Instead, he contends that the factors relied on by the circuit court in granting plaintiff's request for service by posting—the prior attempts at personal service, the attempt at service by e-mail, and the recent failed stakeout attempt by plaintiff's special process server—were insufficient to support a finding that service by posting was appropriate. We cannot agree. While defendant ultimately succeeded in quashing service earlier in the litigation process, that success does not erase the fact that service was attempted on him multiple times, and that several of those attempts included instances in which someone appeared to be home at defendant's apartment but chose not to respond to knocks and doorbell rings. We further observe that defendant admitted that he intentionally deactivated his e-mail address after learning that service through e-mail was possible; while he provides an explanation for that conduct, the fact remains that he took action to prevent service through that avenue. In short, the evidence established that defendant's location was known, but that he intentionally concealed himself such that he could not be served through personal service. Consequently, we find that service by posting was an appropriate method of effectuating service in this case.

¶ 24      As a final matter, defendant claims that the circuit court erred in denying his motion for substitution of judge for cause without transferring the matter to a different judge. Section 2-1001(a)(3) of the Code authorizes each party in a civil case to seek substitution of the trial judge for cause. 735 ILCS 5/2-1001(a)(3) (West 2022). "Although the statute does not define 'cause,' Illinois courts have held that in such circumstances, actual prejudice has been required to force removal of a judge from a case, that is, either prejudicial trial conduct or personal bias." *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30. This statute "[is] to be liberally construed to promote rather than defeat the right of substitution, particularly where the 'cause' claimed by the petitioner is that the trial judge is prejudiced against him." *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010).

¶ 25      A litigant is not automatically entitled to have a motion for substitution of judge transferred to another judge for hearing. *Id.* In order to trigger the right to a hearing before another judge, (1) the request must be made by petition, (2) the petition must set forth the specific cause for substitution, and (3) the petition must be verified by affidavit. *Id.* Defendant's motion in this case satisfies the first and third elements, but fails to allege sufficient grounds for substitution.

¶ 26      "Where bias or prejudice is involved as the basis for seeking substitution, it must normally stem from an extrajudicial source, *i.e.*, from a source other than from what the judge learned from her participation in the case before her. A judge's previous rulings almost never constitute a valid basis for a claim of judicial bias or partiality." *Wilson*, 238 Ill. 2d at 554. In this case, defendant's motion is based entirely on facts stemming from the judge's participation in the case, including the judge's rulings. We therefore cannot find that the circuit court was obligated to transfer the matter to another judge for a hearing. See *id.* at 555.

¶ 27                                        CONCLUSION

¶ 28        For the reasons set forth above, the circuit court's judgment is affirmed, as defendant was properly served by posting, and the circuit court did not err in denying his motion for substitution of judge without transferring it to another judge for hearing.

¶ 29        Affirmed.