2023 IL App (1st) 220198-U

No. 1-22-0198

Order filed June 12, 2023.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ALEJANDRO ORTIZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 18 M1 714647 |
| KINISHA TINSLEY and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants. | ) | The Honorable |
| | ) | Martin Paul Moltz, |
| (Kinisha Tinsley, Defendant-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse the circuit court's denial of defendant's petition to vacate the eviction order against her and remand for an evidentiary hearing addressing whether plaintiff satisfied the statutory requirements for constructive service by posting.

¶ 2    Defendant Kenisha Tanksley appeals from the circuit court's order denying her petition to

vacate an eviction order pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735

ILCS 5/2-1401(f) (West 2020)).[1] On appeal, defendant argues that the circuit court erred in denying her petition as moot and time-barred on the basis that she had already vacated the premises. She also argues that the circuit court erred in finding it had personal jurisdiction over defendant where (1) plaintiff failed to exercise the requisite diligent inquiry in locating defendant's whereabouts before effecting constructive service on her and (2) plaintiff spelled defendant's name wrong when effecting constructive service by posting. We vacate the circuit court's order denying defendant's section 2-1401 petition and remand for an evidentiary hearing.

¶ 3    The record reflects that, in June 2015, plaintiff leased an apartment unit on the 1500 block of South Millard Avenue (premises) to defendant. Defendant paid rent with the help of the United States Department of Housing and Urban Development Housing Choice Voucher rental subsidy, which was administered by the Chicago Housing Authority (CHA). The parties do not dispute that defendant lived in the apartment with two children and, at some point, her ex-husband began living in the rented unit as well.

¶ 4    In August 2018, plaintiff served a person at the premises named "Mr. Pickens" with a five days' notice, addressed to "Kinisha Tinsley and all unknown occupants," requesting $2554 in unpaid rent. The notice stated that unless full payment of the unpaid rent was made on or before the expiration of five days after service of the notice, the lease would be terminated.

¶ 5    On September 12, 2018, plaintiff filed a complaint alleging that he was entitled to possession of the premises, and that defendants "Kinisha Tinsley & unknown occupants" owed

---

[1] The eviction complaint named "Kinisha Tinsley and unknown occupants" as the defendants. The caption of defendant's section 2-1401 petition followed that caption, naming "Kinisha Tinsley and unknown occupants." It is undisputed that defendant's name is properly spelled "Kenisha Tanksley." We therefore refer to defendant as "Kenisha Tanksley." Pursuant to this court's practice, however, the caption of this order reflects the spelling used in the underlying action, "Kinisha Tinsley."

him rent from April 1, 2017, to "present" in the amount of $2554, plus additional rent and costs. That same date, an eviction summons for trial was issued ordering the sheriff to effect service, naming "Kinisha Tinsley & unknown occupants" as defendants, and reflecting the address of the premises. The sheriff's office attempted service on September 18, 2018, and subsequently filed an affidavit of service stating defendant was not served because contact could not be made.

¶ 6    On September 26, 2018, plaintiff moved for appointment of a special process server, private detective Lynn M. Bagley, to serve defendant. The circuit court granted the motion on September 28, 2018.

¶ 7    The alias summons was returned, along with an affidavit of non-service by Bagley dated October 13, 2018. Bagley averred that on October 5, 2018, at 1:07 p.m., she went to the premises and saw it was a two-flat building with two separate units. The first floor had no identification on the mailbox, although the second-floor unit's mailbox did have identification. There was no answer from the first-floor unit. An individual in the second-floor unit told Bagley that he believed defendant "was" in the first-floor unit, but "no one lives in the unit." Bagley placed her card in the front and back doors of the first-floor unit. She returned on Sunday, October 7, at 2:55 p.m.; Monday, October 8, at 5:02 p.m.; and Tuesday, October 10, at 4:48 p.m. However, there was no answer and Bagley's cards were still in the doors. Bagley concluded that "[s]ervice could not be obtained as no one is currently staying in the unit."

¶ 8    On October 15, 2018, a "notice requiring appearance in pending action" was filed along with an affidavit for constructive service by posting. The notice named "Kinisha Tinsley & All Unknown Occupants" as the defendants and identified the address of the premises as the property at issue. The affidavit form contained multiple boxes that could be checked regarding the reason

personal service was not possible. Plaintiff checked the box stating defendant "is concealed within the state." The affidavit form also contained two boxes reflecting that either defendant's place of residence either (1) was known, in which case plaintiff was to write out the address of the residence, or (2) could not be ascertained after diligent inquiry, in which case plaintiff was to write out defendant's last known address. Plaintiff checked the box that defendant's residence was known, writing out the address of the premises. The form's accompanying notice stated defendant was to appear in person at the Daley Center on October 31, 2018, at 9:30 a.m.

¶ 9 The Sheriff's Office of Cook County filled out an affidavit of service, reflecting that, on October 17, 2018, notice was served by posting a copy of the notice at the Cook County Government Building, Chicago City Hall, and the Daley Center. That same day, a copy of the notice was mailed to defendant at the premises.

¶ 10 On October 31, 2018, the circuit court entered an eviction order against "Kinisha Tinsley," granting plaintiff possession of the premises. The order also dismissed plaintiff's money claim and stated plaintiff "may not seek this money in the future."

¶ 11 On February 23, 2021, defendant, through counsel, filed a section 2-1401(f) petition "to vacate the order for possession and motion to seal the court file." She requested that the circuit court vacate the eviction order as void because the circuit court lacked personal jurisdiction over her, where plaintiff failed to properly effect service. Defendant refuted that she was concealing herself, and claimed that plaintiff failed to conduct a " 'diligent inquiry' " in ascertaining her residence and " 'due inquiry' " in ascertaining her whereabouts prior to resorting to service via posting. She also argued that plaintiff improperly spelled her name as "Kinisha Tinsley" in the complaint and service attempts, when her name should have been spelled "Kenisha Tanksley."

Defendant also requested that the court seal the case file, because the eviction case had jeopardized her ability to receive rent subsidies and rent in the future.

¶ 12    Defendant attached her affidavit to her petition. She averred that, on June 2, 2015, she rented the apartment unit at the premises and lived there with her child and stepchild. During a CHA inspection in the spring of 2018, she learned there was black mold in her apartment. The apartment failed CHA inspection, and plaintiff "took no action" to address the mold issue. In August 2018, CHA verbally told defendant she could stay in a different apartment if necessary due to the ongoing mold issue and plaintiff's failure to address it. Defendant "temporarily relocated" her family to her mother's apartment on the 2600 block of West Monroe Street. She informed CHA of that address in September 2018. She also informed plaintiff that, during the fall of 2018, she was not regularly residing at the apartment due to the mold.

¶ 13    Defendant averred that she "could regularly be found" at her mother's apartment and "was not concealing [her]self in the fall of 2018." She did not observe any business cards from Bagley on the front or back door of the apartment at the premises, and she did not know Bagley was attempting to contact her. During the fall of 2018, plaintiff did not ask defendant where he could reach her or tell her he was trying to serve her. She stated, "To my knowledge, [plaintiff] did not allege that he made any calls or sent any letters during the fall of 2018 in attempts to inform me of the eviction lawsuit." Defendant claimed she first learned about the eviction lawsuit from CHA on October 31, 2018, which was the same day that the eviction order was entered. She moved out of the apartment on November 15, 2018.

¶ 14    Also attached to defendant's petition was her lease for the apartment, which provided for a term from June 2, 2015, through June 30, 2016, and a monthly rent of $1051. Defendant further

attached the "landlord's five days notice" from plaintiff addressed to defendant and "all unknown occupants," with the affidavit of service attesting that notice was served to her ex-husband on August 22, 2018.

¶ 15    Defendant also attached an order entered on November 23, 2020, by the chancery division of the circuit court in a case that defendant initiated against CHA to challenge the termination of her rent voucher eligibility. The court observed that CHA's hearing officer found defendant had violated two requirements for eligibility, as she (1) "committed a serious and repeated violation of her lease by not paying rent as required under her lease" and (2) was evicted. The circuit court entered and continued CHA's motion to dismiss the proceedings, citing potential jurisdictional questions in the instant case.

¶ 16    On September 2, 2021, plaintiff filed a response to the section 2-1401 petition. Plaintiff argued that defendant failed to pay her monthly rent of $137 for over 18 months, from February 2017 to August 2018. Plaintiff placed summons with the sheriff, hired a special process server when that failed, and, when the special process server failed, contacted CHA but did not receive any information regarding defendant's whereabouts. Plaintiff argued that he followed "every proscribed step available to him in his attempt to serve the Defendant," and the record supported the circuit court's finding of concealment. He further argued that defendant's petition was time-barred, as it was filed more than two years after the entry of judgment.

¶ 17    Plaintiff attached to his response his affidavit averring that defendant stopped paying her portion of the rent in February 2017 and ignored his warning that her non-payment would jeopardize her ability to "receive Section 8." Defendant refused to pay rent or discuss paying rent. When mold was discovered in the apartment unit, plaintiff "immediately" sought to remediate the

issue, but defendant refused him or any contractors entry to the apartment. On multiple occasions, defendant refused entry and stated, " 'This is my house!' " Plaintiff provided written notices of request for entry and contacted the CHA voucher program regarding access to the apartment and non-payment of rent. Defendant still refused entry.

¶ 18    Plaintiff decided to terminate the tenancy in August 2018 and attempted to call defendant "several" times, but defendant never answered his phone calls. Plaintiff averred that defendant never informed him she was moving, did not provide her mother's address or contact information, and appeared to have abandoned the apartment and left no forwarding information. CHA had no information on defendant's whereabouts and was "well aware" of the "difficulties" plaintiff had with defendant.

¶ 19    Defendant filed a reply, arguing that her petition was timely because the eviction order was void for lack of personal jurisdiction and could be challenged at any time. She further argued plaintiff failed to include sufficient details in his affidavit of non-service to support his contention that defendant was concealing herself, such as including the details that plaintiff had contacted CHA to locate defendant and that defendant refused his attempts to contact her. She asserted that plaintiff failed to diligently inquire into her whereabouts.

¶ 20    The circuit court heard arguments on defendant's petition. No witnesses testified. Plaintiff's counsel stated that the "original impetus" for defendant's eviction, the failure to pay rent for over 18 months, occurred at least a year before the mold was found in the apartment unit. Plaintiff "got tired of it" and contacted CHA, who told him to evict defendant.

¶ 21    Defendant's counsel argued that defendant had vacated the apartment two weeks after she learned of the eviction order. Counsel informed the court that "mental health issues" delayed the

filing of defendant's petition. Counsel stated that CHA had already agreed to reinstate defendant's voucher if the court vacated her eviction order, because "at that point she has not been evicted for nonpayment of rent." Counsel asserted that, if the circuit court found plaintiff's affidavit credible, an evidentiary hearing might be necessary to address the conflicting affidavits as to whether plaintiff appropriately attempted to locate defendant to serve her with the eviction complaint.

¶ 22    On September 22, 2021, the circuit court denied defendant's section 2-1401 petition to vacate the order of possession. The court found that, regardless of whether service was proper, the matter was moot because the apartment was already vacated and eviction was "complete." The court also found that the public interest exception to the mootness doctrine did not apply. Additionally, the court found that it had lost jurisdiction over the case, and defendant's untimely petition could not revest jurisdiction with the court because plaintiff had opposed the petition. The court granted defendant's request to seal the record, noting plaintiff had no objection to it.

¶ 23    On October 22, 2021, defendant filed a motion for reconsideration, arguing the circuit court erred in denying her petition based on the mootness doctrine, as the collateral consequences exception to the mootness doctrine applied. She also argued the court erred in denying the petition based on lack of jurisdiction, as a void judgment may be challenged at any time, and the section 2-1401 petition initiated a new proceeding over which the court had jurisdiction.

¶ 24    On December 17, 2021, plaintiff filed a response to the motion for reconsideration, arguing that the court was not revested with jurisdiction. Plaintiff also asserted that the collateral consequences exception to the mootness doctrine did not apply because defendant also lost her eligibility for rental vouchers due to her "prolonged and unexcused" failure to pay rent. Therefore, the eviction order was not the sole cause of any collateral consequences she faced.

¶ 25    On January 7, 2022, defendant filed a reply, reiterating the arguments in her motion for reconsideration.

¶ 26    On January 13, 2022, the circuit court entered an order denying the motion for reconsideration. The court noted that defendant had never paid rent, wanted mold in her unit taken care of but would not allow anyone inside her unit, "kind of abandoned" her unit, and "absented herself" so that she could not be served. The court stated "[t]hese are all findings of bad faith," and concluded there was nothing in defendant's favor supporting an exception to the mootness doctrine. The court additionally stated that it had "checked and rechecked the service" and found service was proper and so the order was not void.

¶ 27    On appeal, defendant argues that the circuit court erred in finding her section 2-1401 petition to vacate moot and untimely. She also asserts that the court erred in finding service by posting was proper. Defendant argues that because plaintiff failed to comply with the statutory requirements for service by posting, the court lacked personal jurisdiction to enter the eviction order against her, and so the eviction order was void and must be vacated. We first address whether the issue on appeal is moot.

¶ 28    "An appeal is moot if no controversy exists or if events have occurred which foreclose the reviewing court from granting effectual relief to the complaining party." *In re Shelby R.*, 2013 IL 114994, ¶ 15. Generally, this court will not decide moot questions, though there are exceptions to that rule. *People v. Morger*, 2019 IL123643, ¶ 15. Where a tenant challenges an order of possession in favor of a landlord and seeks possession, the issue is moot if the tenant no longer possesses the property at issue because the relief the tenant seeks can no longer be granted. See *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987). However, where a tenant challenges service in

an eviction proceeding, "if the eviction was void for lack of jurisdiction, the accomplished fact of eviction would not make the case moot." *Bank of Ravenswood v. King*, 70 Ill. App. 3d 908, 914 (1979). "Claims of mootness present questions of law, which we review *de novo*." *Universal Metro Asian Services Ass'n v. Mahmood*, 2021 IL App (1st) 200584, ¶ 17.

¶ 29    Here, defendant is not seeking to maintain possession of the premises, nor is she debating the factual basis for the eviction order, *i.e.*, whether she paid the rent that plaintiff claims she owes. Rather, defendant is arguing that the circuit court never had jurisdiction over her to enter the eviction order from the beginning because plaintiff failed to effect service, and so the order is void *ab initio*. See *JPMorgan Case Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 46 ("Where a court lacks *** personal jurisdiction over the parties, any order entered in the matter is void *ab initio* and, thus, may be attacked at any time." (Internal quotation marks omitted.)). As stated, defendant's challenge to her service is not rendered moot simply because plaintiff executed a void eviction order. See *King*, 70 Ill. App. 3d at 914. Therefore, the court erred in finding defendant's challenge to the eviction order was moot, where defendant was seeking to vacate a void order based on a lack of proper service.

¶ 30    The court also erred in finding that the section 2-1401 petition was untimely.

¶ 31    Generally, a trial court loses jurisdiction 30 days following the entry of a final judgment if a timely postjudgment motion is not filed. *People v. Bailey*, 2014 IL 115459, ¶ 26. Section 2-1401 of the Code, however, provides a statutory mechanism for vacating final judgments older than 30 days. 735 ILCS 5/2-1401 (West 2018).

¶ 32    A section 2-1401 petition constitutes the initial pleading in a new proceeding and is not a continuation of the underlying proceedings. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d

95, 102 (2002). A section 2-1401 petition typically "must be filed within two years after entry of the judgment and allege the following: (1) due diligence in presenting the defense or claim, (2) due diligence in filing the petition, and (3) a meritorious defense." *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 15. However, "a void judgment may be attacked at any time outside of the two years allowed under section 2-1401 of the Code." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 34. A section 2-1401 petition seeking to vacate a void judgment also "substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). "When a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant" and the judgment entered is void. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006).

¶ 33    Here, defendant raised a claim that the eviction order entered against her was void because she was not properly served with process, and the circuit court therefore lacked jurisdiction to enter the order. *Id.* Defendant's claim of voidness for lack of jurisdiction could be brought at any time and was not subject to the usual time constraints set forth in section 2-1401. *Sanders*, 2015 IL App (1st) 141272, ¶ 34; 735 ILCS 5/2-1401 (West 2020).

¶ 34    In finding defendant's petition to vacate untimely, the circuit court largely based its reasoning on the discussion of the revestment doctrine in *Bailey*, 2014 IL 115459, finding that, because plaintiff objected to the petition, the doctrine did not apply and the circuit court's jurisdiction over the case was not revested. However, *Bailey* concerned a motion to withdraw a guilty plea filed more than three years after the entry of the defendant's plea, not a section 2-1401 petition raising a voidness claim based on a lack of jurisdiction. See *People v. Bailey*, 2012 IL App

(2d) 110209, ¶ 4 (describing the substance and timing of the defendant's motion to withdraw). The supreme court's analysis largely concerned the application of the revestment doctrine (*Bailey*, 2014 IL 115459, ¶ 31), which is simply a different "mode" by which a litigant may challenge a judgment beyond 30 days after the entry of the judgment. See *In re Marriage of Miller*, 363 Ill. App. 3d 906, 914 (2006) (listing the various "modes" in which a court may revisit a judgment beyond the 30-day jurisdictional window, which include (1) section 2-1401, (2) the revestment doctrine, (3) a finding of void judgment, (4) by agreement of parties, or (5) the entry of an order *nunc pro tunc*). In fact, the *Bailey* court specifically emphasized it is "irrefutable that a void order is subject to either direct or collateral attack at any time, regardless of the length of time that has passed since its entry." *Bailey*, 2014 IL 115459, ¶ 12. We find that, consistent with *Bailey*, defendant's section 2-1401 petition was not time-barred as she raised a claim of voidness based on a lack of jurisdiction.

¶ 35 Having determined that defendant's challenge to a void judgment was neither moot nor untimely, we turn to the merits of defendant's section 2-1401 petition, namely, her assertion that the circuit court lacked personal jurisdiction over her because plaintiff failed to properly effect service.

¶ 36 Section 2-1401 of the Code represents a comprehensive statutory procedure authorizing a circuit court to vacate or modify a final order or judgment in civil and criminal proceedings. *People v. Abdullah,* 2019 IL 123492, ¶ 13; *Smith v. Airoom, Inc.,* 114 Ill. 2d 209, 220 (1986). A section 2-1401 petition generally is used to bring facts to the attention of the trial court that, if known to the court at the time of judgment, would have precluded its entry. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. It may also be used to challenge a

purportedly defective judgment for legal reasons, such as to obtain relief from a default judgment that is void due to a failure to obtain personal jurisdiction over the defendant because of defective service. *Id.*; *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101 (2002); *Dei v. Tumara Food Mart, Inc.*, 406 Ill. App. 3d 856, 866 (2010).

¶ 37    The nature of the challenge presented in a section 2-1401 petition dictates the proper standard of review, as a section 2-1401 petition can present either factual or legal challenges. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 31. Where a section 2-1401 petition raises a "purely legal challenge" to a final judgment *de novo* review applies. *Id.* ¶ 47 (citing *People v. Vincent*, 226 Ill. 2d 1, 5, 14 (2007) (finding *de novo* review applied where section 2-1401 petition alleged sentence was void under section 2-1401(f), the State did not respond to the petition, and circuit court denied the petition without a hearing)).

¶ 38     In contrast, relief under a section 2-1401 fact-dependent challenge to a final judgment requires a petitioner to file a petition showing (1) the existence of a meritorious defense or claim in the original action; (2) due diligence in presenting the defense or claim; and (3) due diligence in filing the petition. *Id.* ¶¶ 37, 40 (citing *Airoom, Inc.*, 114 Ill. 2d at 220-21). However, the allegation in a section 2-1401 petition that the judgment is void substitutes for and negates the need to allege a meritorious defense and due diligence. *Id.* ¶ 48. The quantum of proof necessary to sustain the petition is a preponderance of the evidence, and the question of whether relief should be granted lies within the discretion of the circuit court. *Id.* ¶¶ 37, 51.

¶ 39    When the facts supporting a section 2-1401 petition are challenged by the respondent, "a full and fair evidentiary hearing should be held." *Id.* ¶ 51. Where, as here, the circuit court resolves a section 2-1401 petition on the pleadings without an evidentiary hearing we review the circuit

court's decision *de novo*. *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 34; see also *Solargenix Energy, LLC v. Acciona S.A.*, 2014 IL App (1st) 123403, ¶ 25 (*de novo* review where the circuit court determines a jurisdictional issue based only on the documentary evidence submitted by the parties, without an evidentiary hearing).

¶ 40    "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18. "[A] failure to effect service as required by law deprives a court of jurisdiction over the person," and any judgment based on the defective service is void, regardless of whether the defendant had actual knowledge of the proceedings. (Internal quotation marks omitted.) *Department of Healthcare & Family Services ex rel. Sanders v. Edwards*, 2022 IL App (1st) 210409, ¶ 42.

¶ 41    Defendant's section 2-1401 petition challenged the trial court's personal jurisdiction on two bases: (1) plaintiff did not establish an adequate basis to justify constructive service by posting because plaintiff's affidavit for constructive service did not demonstrate a diligent inquiry toward locating defendant or establish that defendant was concealing herself within the State; and (2) plaintiff's constructive service by posting was inadequate because defendant's first and last names were misspelled in the posting. We first address whether plaintiff complied with the statutory requirements necessary to rely on constructive service of defendant.

¶ 42    Section 9-107 of the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-107 (West 2018)) governs constructive service of process in eviction actions. *Corlis v. Edelberg*, 2018 IL App (1st) 170049, ¶ 12. Strict compliance with the requirements of section 9-107 is mandatory.

*Id.* ¶ 14. "Constructive service is only allowable in certain limited cases, and then only after strict compliance with the statutes governing such service"; "[s]uperficial efforts at complying with the statute will not suffice." (Internal quotation marks omitted.) *Nasolo*, 364 Ill. App. 3d at 32.

¶ 43 Section 9-107 provides, in relevant part, that if a plaintiff filing an eviction action is unable to obtain personal service on the defendant, and a summons duly issued is returned without service stating that service cannot be obtained, then the plaintiff may file an affidavit stating the defendant "is concealed within this State so that process cannot be served upon him or her." 735 ILCS 5/9-107 (West 2018). The affidavit must also state the place of defendant's residence, if known, or if not known, "that upon diligent inquiry the affiant has not been able to ascertain the defendant's *** place of residence." *Id.* The defendant may be notified by posting and mailing of notices, or by publication and mailing as provided for in Section 2-206 of the Code. *Id.*

¶ 44 A defendant may challenge a plaintiff's affidavit for constructive service by filing a counter-affidavit setting forth that upon due inquiry, the plaintiff could have found the defendant. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 31. The plaintiff may respond by demonstrating that the plaintiff did make due inquiry to locate the defendant so that process could be served. *Id.* If the defendant presents a significant issue with respect to the truthfulness of the plaintiff's affidavit for constructive service, then the trial court should hold an evidentiary hearing on the issue, with the plaintiff having the burden to show that due inquiry was made to locate the defendant. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18.

¶ 45 Here, plaintiff attempted to personally serve defendant at the apartment he was leasing to her, but the sheriff returned an affidavit reflecting that no contact could be made with defendant following a single service attempt on September 18, 2018. Special process server Bagley's

affidavit shows Bagley's four subsequent attempts to serve defendant at the apartment also failed. An upstairs resident told Bagley no one lived in defendant's apartment. The business cards Bagley left in the front and back doors of defendant's apartment during the first visit were undisturbed on Bagley's three later visits, leading Bagley to conclude "[s]ervice could not be obtained as no one is currently staying in the unit." Plaintiff filed an affidavit for constructive service stating that defendant's residence was "known" and she was concealing herself within the state, on the basis of which the circuit court granted leave for constructive service by posting.

¶ 46    Defendant challenged plaintiff's constructive service in her section 2-1401 petition, attaching an affidavit rebutting the affidavit of constructive service. She averred she was not concealing herself and plaintiff never attempted to contact her or ascertain her whereabouts. She claimed that the unit had a mold problem that forced her to "temporarily relocate" with her children to her mother's home. She also averred that she had informed plaintiff she was not regularly residing in the unit due to the mold and shared her new location with CHA. She claimed plaintiff never attempted to contact her or inform her that he was trying to serve her. To her knowledge, plaintiff never called or sent letters in the fall of 2018 to inform her of the eviction proceedings.

¶ 47    Plaintiff replied with a counter-affidavit, averring that he did attempt to contact defendant, but she never responded to his phone calls. He stated that defendant never informed him she was moving, did not provide her mother's address or contact information, and appeared to have abandoned the apartment and left no forwarding information. Plaintiff averred he had specifically reached out to CHA to learn defendant's whereabouts, but CHA did not know where defendant was located.

¶ 48    Ultimately, the circuit court was presented with two affidavits presenting conflicting evidence regarding whether plaintiff had exercised diligent inquiry in locating defendant to effect service of process and whether defendant had been concealing herself within the State. See *Nasolo*, 364 Ill. App. 3d at 32 ("[s]uperficial efforts at complying with [section 9-107] will not suffice"). The circuit court erred in denying the petition without an evidentiary hearing on the issue of whether defendant was properly served. See *Cotton*, 2012 IL App (1st) 102438, ¶ 18 (where the defendant is able to present a significant issue with respect to the truthfulness of the affidavit for service by publication, the trial court should hold an evidentiary hearing on the issue); *Nasolo*, 364 Ill. App. 3d at 33 (tenant entitled to an evidentiary hearing where a question of fact existed as to whether the landlord exercised adequate inquiry in locating the tenant, as the sheriff attempted service four times at the same address over the course of six days, and a sheriff's deputy suggested the service attempts were unsuccessful because the tenant had moved and the unit was vacant); *King*, 70 Ill. App. 3d at 914 (tenant was entitled to a hearing, where her affidavit raised a factual issue as to whether she was concealing herself within the State). Therefore, we vacate the order denying defendant's section 2-1401 petition and remand for an evidentiary hearing on the issues raised in the petition.

¶ 49    Because we find that a question of fact exists as to whether plaintiff exercised the proper diligent inquiry necessary to justify constructive service by posting, we need not discuss whether constructive service was proper where her name was incorrect throughout the proceedings, including in the notice posted. *Nasolo*, 364 Ill. App. 3d at 37 (declining to address whether constructive service was proper, where the reviewing court found an unresolved question existed

as to whether the plaintiff exercised the due and diligent inquiry required to rely on constructive service).

¶ 50    For the foregoing reasons, we reverse the circuit court's order denying defendant's section 2-1401 petition and remand for further proceedings consistent with this decision.

¶ 51    Reversed and remanded.