2024 IL App (1st) 231233-U

No. 1-23-1233

Order filed April 8, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GMAT LEGAL TITLE TRUST 2014-1, US BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M6 9637 |
| VERNELL PASS, LEON R. PASS, JR., NIERA PASS, AND ALL UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | Honorable Michael B. Barrett, |
| (Leon R. Pass Jr., Defendant-Appellant). | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justice Coghlan concurred in the judgment.
Justice Pucinski specially concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal from the trial court's eviction order is dismissed as moot.

¶ 2    Defendant Leon R. Pass Jr. appeals *pro se* from the circuit court's eviction order granting

possession of a property to plaintiff GMAT Legal Title Trust 2014-1, US Bank National

Association, as Legal Title Trustee.[1] On appeal, he argues that the foreclosure on the property was "fraudulent" as he satisfied the mortgage and the eviction violated his fourth amendment rights. We dismiss the appeal as moot because defendant has already been evicted and plaintiff has gained possession of the property.

¶ 3     The record on appeal does not contain a report of proceedings. The following facts are drawn from the common law record.

¶ 4     On November 22, 2022, plaintiff filed a complaint for a foreclosure-related eviction against defendant and codefendants Vernell Pass, Niera Pass, and all unknown occupants of a property located on the 8700 block of South Troy Avenue, in Evergreen Park (the property). Plaintiff asserted that it had purchased the property at a judicial sale through a foreclosure case in 2020, obtained title and recorded the deed in 2022, and demanded possession, which defendant and codefendants had unlawfully withheld. Plaintiff requested the court enter an order granting plaintiff possession of the property.

¶ 5     Defendant, acting *pro se*, filed a motion to dismiss the complaint. Defendant alleged, *inter alia*, that eviction would violate his fourth amendment right to be secure in his home and property, and that he was "a victim of mortgage fraud, mortgage identity theft, home title fraud, slavery [citation]; forced compliance to a contract not held, judicial misconduct, violations of oath of office, civil rights violations and other crimes and violations." Defendant attached an unnotarized "Affidavit of Fact" averring that he had purchased the property in 2003 and satisfied the mortgage on August 14, 2006, and the foreclosure had been "fraudulent." He also attached a

---

[1] Defendant's name also appears in the record as Leon Pass, Leon R. Pass, and Leon Reginald Pass. We adopt the name from his *pro se* notice of appeal.

"Satisfaction of Mortgage" which had been notarized on August 14, 2006, and indicated that he had paid and satisfied a July 30, 2004, mortgage on the property.

¶ 6    The record on appeal does not include an order disposing of defendant's motion to dismiss, but a later order from the court indicates that on May 25, 2023, the court heard argument on the motion and denied it.

¶ 7    Also on May 25, 2023, the court entered an eviction order. The order states the court held a contested hearing or trial at which plaintiff and defendant were present. The order granted plaintiff possession of the property and ordered defendant and codefendants to move out of the property that day. The order further stated that plaintiff could give a copy of the order to the sheriff, who was ordered to evict defendant and codefendants if they did not move out.

¶ 8    On June 5, 2023, defendant filed a motion to vacate the judgment, alleging that the mortgage note on the property had been "balanced" and sent to plaintiff. The motion was signed by defendant and by Sharon Renee Lloyd. Defendant attached an "International Bill of Exchange" dated June 2, 2023, indicating that Lloyd paid plaintiff $186,000 in "United States Credit" "For Settlement and Closure of Eviction for Leon Pass Home," and the bill of exchange would be deposited for payment in a "Treasury Direct Account" "for payment via wire." Defendant also attached a "Cancellation of Debt" Form 1099-C naming Lloyd as a debtor, plaintiff as a creditor, and indicating that $186,000 of debt had been discharged in the form of a "Book-entry balance *** for Leon Pass to settle & close the eviction on this home." On June 22, 2023, the court denied the motion to vacate.

¶ 9    On July 6, 2023, defendant filed a notice of appeal from the court's orders of May 25, 2023, and June 22, 2023.

¶ 10    Also on July 6, 2023, defendant filed a document titled "Appeal and Stay to Final Eviction Judgment Pursuant [to section 2-1202(b)-(d) of the Code of Civil Procedure (735 ILCS 5/2-1202(b)-(d) (West 2022))]." He noted that a timely-filed motion for posttrial relief stays the enforcement of the judgment. He stated that on June 30, 2023, he "resent payment" to plaintiff and sent "the cancellation of the debt via payment" to the "DEPARTMENT OF TREASURY IRS to record the book-entry balance." He requested an appeal as "the payment that was filed into the case was overlooked."

¶ 11    The record on appeal contains an affidavit from the Eviction Unit of the Cook County Sheriff's Office indicating that, on July 19, 2023, defendant and codefendants were evicted from the property.

¶ 12    On July 20, 2023, defendant filed in this court a motion to stay the eviction so he would not be evicted before his payment reached plaintiff. This court instructed defendant to provide documentation that he filed a motion to stay in the circuit court and a copy of the circuit court's ruling on the motion to stay.

¶ 13    On July 21, 2023, defendant filed in the circuit court an emergency motion to stay the eviction, repeating the assertions from the July 6, 2023, motion for a stay. On August 3, 2023, the circuit court entered an order denying the emergency motion. The order explained that defendant's July 6, 2023, motion "was never noticed to appear before the Court," and the court never ruled on it. Then, when defendant filed the July 21, 2023, emergency motion to stay the eviction, he noticed it for a hearing in the wrong courtroom. The matter was transferred to the correct courtroom and the court heard it on August 3, 2023. The court stated that it lost jurisdiction over the cause when

defendant filed his notice of appeal. Moreover, defendant's emergency motion for a stay of the eviction was moot given the sheriff's affidavit indicating that the eviction had been effectuated.

¶ 14 On August 9, 2023, defendant filed the August 3, 2023, order in this court. He also filed in this court a motion for an "emergency stay from the eviction that went forward as [the circuit court] overlooked [his] request for a stay on the eviction filed July 6, 2023." Defendant asserted he and his family still had the keys to the property and their belongings were still in the property, and he wanted to proceed through the appeal process "without being homeless." The following day, this court denied both his July 20, 2023, and August 9, 2023, motions for stay.[2]

¶ 15 On appeal, defendant argues that the foreclosure on the property was "fraudulent" as he satisfied the mortgage and the eviction violated his fourth amendment rights. He states he was unaware during the foreclosure proceedings that the mortgage had been satisfied. He argues the circuit court erred in denying his motion to vacate judgment. He further claims that the circuit court ignored his July 6, 2023, motion for a stay even though it acknowledged the notice of appeal he filed on the same day.

¶ 16 Plaintiff contests the merits of defendant's arguments. As a threshold matter, though, plaintiff argues that we should dismiss defendant's appeal as moot as he has been evicted and plaintiff has acquired possession of the property. We agree.

¶ 17 Appellate jurisdiction requires an actual controversy. *Baker v. Forest Preserve District of Cook County*, 2015 IL App (1st) 141157, ¶ 35; see also *Maday v. Township High School District*

---

[2] On December 26, 2023, defendant filed another motion for a stay "on moving my private properties from my home." Defendant stated that plaintiff had left defendant's property in the home as plaintiff knew the circuit court clerk had erred in not noticing for a hearing defendant's July 6, 2023, motion for a stay. He further stated that, on December 24, 2023, plaintiff "tried to take all of [defendant's] property to the dump without informing [him]." This court denied the motion as moot.

*211*, 2018 IL App (1st) 180294, ¶ 45 ("A case must remain a legal controversy from the time it is filed in the appellate court until the moment of disposition."). If an appeal lacks an actual controversy, or it has become impossible for us to provide effectual relief such that the result would be the same no matter the outcome of the appeal, the appeal is moot and we may not consider it. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. We review *de novo* the question of whether to dismiss a case as moot. *Maday*, 2018 IL App (1st) 180294, ¶ 44.

¶ 18    An eviction complaint alleges that the plaintiff is entitled to possession of a subject property and that the defendant is unlawfully withholding the property. 735 ILCS 5/9-106 (West 2022); see also *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23 (eviction action is to determine which party is entitled to immediate possession and whether the defendant has any defense that defeats the plaintiff's asserted right to possession). If the plaintiff proves its allegations by a preponderance of the evidence, the court enters an eviction order in favor of the plaintiff. 735 ILCS 5/9-109.5 (West 2022).

¶ 19    Accordingly, where the defendant no longer lives at the property, the issue of possession is moot. See *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607-08 (2007) (finding appeal of forcible entry and detainer action moot where circuit court entered possession order and appellant had moved out, but applying public interest exception to mootness doctrine); see also *6103-07 Claremont, LLC v. Hunter*, 2024 IL App (1st) 231287-U, ¶¶ 26-27 (citing *Circle Management* and finding the issue of possession moot where sheriff enforced eviction order and

removed defendant from property and plaintiff acquired possession); *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (same).[3]

¶ 20    Here, the trial court entered the eviction order on May 25, 2023, and denied defendant's June 5, 2023, posttrial motion on June 22, 2023. The sheriff's office evicted defendant on July 19, 2023. In his filings in this court, defendant acknowledges that he has been evicted from the property and plaintiff has possession of the property. As plaintiff has gained possession of the property, the issue of possession raised in plaintiff's complaint has become moot.

¶ 21    There are exceptions to the mootness doctrine. See *People v. Cousins*, 2023 IL App (1st) 230234, ¶ 12 (explaining exceptions to mootness doctrine). However, defendant does not argue in his reply brief that his appeal is not moot or that an exception to the mootness doctrine should apply. The closest defendant comes to arguing that the appeal is not moot is a claim that, "[t]here is a controversy in the eviction case as well as the [foreclosure] case." In support of that point, however, he merely argues that multiple entities were involved in his displacement but "none of them honored the satisfaction of mortgage." Therefore, defendant has forfeited any challenge to the application of the mootness doctrine. See Ill. S. Ct. R. 341(h)(7), (j) (eff. Oct. 1, 2020) (reply brief must contain argument supported by citation to authorities, and points not argued are forfeited); *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 66 (*pro se* status does not relieve a party from complying with our supreme court rules as nearly as possible). Accordingly, the issue of possession of the property is moot.

---

[3] Although nonprecedential, orders filed under Supreme Court Rule 23(b) on or after January 1, 2021, may be cited as persuasive authority. Ill. S. Ct. R. 23(b), (e)(1) (eff. Feb. 1, 2023).

¶ 22     We recognize that, on July 6, 2023, defendant filed a motion in the circuit court seeking to stay enforcement of the eviction order pending appeal. The record does not show that the court ruled on the motion. However, defendant's filing of the motion and the circuit court's failure to rule on it do not affect our jurisdiction over this appeal, as "a stay of judgment is collateral to the judgment and does not affect or alter the issues on appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 174 (2011).

¶ 23     To the extent that the court's August 3, 2023, order could be construed as a ruling on defendant's July 6, 2023, motion, that order was entered after defendant filed his notice of appeal, which listed the judgments being appealed as the circuit court's orders from May 25, 2023, and June 22, 2023. We therefore do not have jurisdiction to review the August 3, 2023, order. *Id.* at 176 (notice of appeal confers jurisdiction on judgments or parts of judgments specified in the notice). Even if we were to review that order, it was entered after the sheriff evicted defendant. As the eviction order had already been enforced, the circuit court was correct that defendant's request for a stay had become moot.[4] Any appeal from the August 3, 2023, order would likewise be moot.

¶ 24     In sum, as defendant has been evicted from the property and plaintiff has gained possession, the issue on appeal regarding whether plaintiff is entitled to possession of the property is moot. See *Circle Management*, 378 Ill. App. 3d at 607. We therefore dismiss the appeal. See *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 293 (2005) (when appeal is moot and no exception to mootness doctrine applies, reviewing court should dismiss the appeal).

---

[4] The circuit court was incorrect, however, that it lacked jurisdiction over defendant's request for a stay because he had already filed a notice of appeal. See *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 22 (a motion to stay enforcement of a judgment is collateral to the judgment and notice of appeal does not divest circuit court of jurisdiction to hear it).

¶ 25    For the foregoing reasons, we dismiss defendant's appeal.

¶ 26    Appeal dismissed.

¶ 27    JUSTICE PUCINSKI, specially concurring:

¶ 28    I am troubled by this case.

¶ 29    Defendant's answer to the complaint is very weird, at best, but he does attach some documents that lead me to believe he might have paid off the $215,000 mortgage, perhaps in a re-finance. The County Clerk's property search for PIN 24-01-100-057-0000, includes a document that seems to indicate there is a release and satisfaction recorded 8/14/06 for MERS loan number 5000 1085 which seems to be the same mortgage that New Century recorded on 8/11/06. We can take judicial notice of that document. See *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44 ("Information on websites and in public records are sufficiently reliable such that judicial notice may be taken. [Citations.]"). However, there are several other mortgages, releases and satisfactions, so, as the majority properly points out, it is not this court's responsibility to do the defendant's research.

¶ 30    Defendant did a horrible job of explaining all of this, and the Bill of Exchange for $186,000 doesn't really help because it is so unusual.

¶ 31    But I really think this defendant might have been taken advantage of during that whole subprime mortgage mess, and even though he is out of the house, I think someone in a long line of mortgagors may have gotten money AND the house, which does not seem right.

¶ 32    Another *pro se* case run amok. A cautionary tale for mortgage foreclosure defendants who do not seek the available free help set up for these cases, or a private attorney, to assist in the preparation, trial and ultimately the appeal.