2024 IL App (1st) 231457-U

No. 1-23-1457

Order filed October 17, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| DEVON REALTY, INC., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal from the |
| v. | ) | Circuit Court of |
| | ) | Cook County. |
| 7124 N. CLARK, INC., GIRMAI LEMMA, SAFARI | ) | |
| LOUNGE, ETHIOPIAN CUISINE, NYJIELA | ) | No. 22 MI 70063 |
| SIRREAYAH, and UNKNOWN OCCUPANTS, | ) | |
| | ) | Honorable |
| Defendants. | ) | Perla Tirado, |
| | ) | Judge Presiding. |
| (7124 N. Clark, Inc and Girmai Lemma, | ) | |
| | ) | |
| Appellants). | ) | |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss as moot defendant's appeal from an order granting plaintiff possession of the subject commercial premises.

¶ 2    Defendants, 7124 North Clark, Inc. and Girmai Lemma (collectively, "North Clark"), appeal from an order of the circuit court of Cook County granting possession of a commercial real estate parcel located at 7124 North Clark Street in Chicago, Illinois (Leased Premises) to plaintiff, Devon Realty, Inc. (Devon Realty) On appeal, North Clark contends that the circuit court erred in awarding Devon Realty possession of the Leased Premises where Devon Realty failed to establish that it had capacity to seek possession of the Leased Premises based on a right of ownership. North Clark further contends that it was not properly served with notice under the terms of the lease agreement. Finally, North Clark contends that the lease agreement in unconscionable.

¶ 3    On January 14, 2022, Devon Realty filed a complaint for possession of the Leased Premises and damages based on North Clark's failure to pay rent pursuant to the terms of the lease agreement. After North Clark moved to dismiss the complaint, Devon Realty filed an amended complaint on September 2, 2022. In the amended complaint, Devon Realty contended that it was a duly authorized agent for the owner of the Leased Premises. On March 24, 2015, the parties executed a lease agreement for the Leased Premises. Mr. Lemma, as the president of defendant 7124 North Clark, Inc., used the premises to operate the Safari Lounge & Ethiopian Cuisine (Safari Lounge). Under the terms of the lease, North Clark was required to make monthly rent payments as well as pay a *pro rata* share of the real estate taxes for the Leased Premises. North Clark was also required to pay $2000 per month for the use of the fixtures and equipment that were located on the Leased Premises.

¶ 4    Devon Realty asserted that on August 1, 2017, North Clark breached its obligations under the lease by failing to make timely monthly payments. On April 16, 2018, North Clark executed a default notice and agreement whereby it acknowledged it was in default in the amount of $51,124.97. The default notice and agreement also set forth a payment plan whereby North Clark

would pay the amount in arrears, in addition to its ongoing monthly obligation. Devon Realty maintained that after entering into the default notice and agreement, North Clark failed to pay the monthly rent amount and the additional amounts in the notice.

¶ 5       On September 3, 2021, Devon Realty served North Clark with a five-day notice under the terms of the lease. Pursuant to the notice, North Clark had five days to cure the default, or it would be in breach of the lease agreement and Devon Realty would be entitled to possession of the Leased Premises. North Clark failed to cure the default within the five-day period. Devon Realty maintained that North Clark refused to vacate the Leased Premises. Devon Realty therefore sought an order from the circuit court awarding it possession of the Leased Premises and ordering North Clark to pay money damages in the amount of $148,788.54, plus reasonable attorney fees.

¶ 6       North Clark filed a motion to dismiss Devon Realty's amended complaint pursuant to section 2-619(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(2) (West 2022). In its motion, North Clark contended, *inter alia*, that Devon Realty lacked the capacity to bring this eviction action because it failed to establish that it was an agent for the owner of the Leased Premises. It maintained that an entity called 5301 West Ogden, LLC (West Ogden) owned the Leased Premises. North Clark also contended that the five-day notice was defective because it was not signed by the owner of the property. In response, Devon Realty asserted that its complaint was based on North Clark's breach of the lease agreement, which was entered between Devon Realty, as landlord of the Leased Premises, and North Clark. Devon Realty further maintained that the owner of the property was not required to sign the five-day notice, and the notice was signed by an authorized agent.

¶ 7       The court denied the motion to dismiss, finding, *inter alia*, that the lease and the default notice and agreement both indicated that Devon Realty was the landlord of the Leased Premises

at the time they were executed. The court also found that North Clark failed to include any arguments as to why the five-day notice was faulty.

¶ 8    The matter proceeded to trial. Michael Polak testified on behalf of Devon Realty that he served the five-day notice on behalf of Devon Realty at the Leased Premises on September 3, 2021. Mr. Polak testified that after service, he completed a service affidavit where he indicated that he served the notice on Mr. Lemma by personal service at the Leased Premises. Dian Chronis testified that she was Devon Realty's office manager, and that Devon Realty "managed" the Leased Premises. She testified that she was responsible for tracking the accounts for Devon Realty's tenants. She identified the lease agreement, the default notice and agreement, and confirmed that North Clark failed to pay the amounts due under the lease and the default notice and agreement.

¶ 9    Valerie Spyropoulos testified that she was the owner of West Ogden. She testified that West Ogden owned the Leased Premises and Devon Realty managed the property. She testified that her father-in-law, Peter Spyropoulos, was the president of Devon Realty. As property manager, Devon Realty was entitled to serve the five-day notice and maintain the eviction action.

¶ 10    After Devon Realty rested its case-in-chief, it voluntarily withdrew its claim for monetary damages and solely sought possession of the Leased Premises.

¶ 11    Mr. Lemma, the owner of the Safari Lounge and president of 7124 North Clark, Inc., and Marlon Reid, the manager of the Safari Lounge, both testified that they were not served with the five-day notice. Mr. Lemma also disputed the amounts owed, claiming that he made payments that he did not get credit for and that he was being charged for the use of equipment that was no longer on the premises. He instead purchased his own equipment to operate the Safari Lounge. Mr. Lemma acknowledged that he signed the default notice and agreement.

¶ 12    The court entered its judgment in a written order. The court found that Devon Realty's witnesses were credible, principally, Mr. Polak. The court did not "agree" with the testimony of the North Clark's witnesses that Mr. Polak did not serve them. The court noted that North Clark did not file a motion disputing service of the five-day notice. The court found that Devon Realty acted in "good faith" to provide North Clark with credit for all the rental payments received and allowed North Clark several opportunities to become current on overdue rent.

¶ 13    The court found that Mr. Lemma "contradicted himself several times when questioned by the attorneys," first maintaining that he made all payments and did not have an outstanding balance, but later acknowledging that he had not made all the rental payments. Mr. Lemma also testified that he had sent checks to Devon Realty, but could not show that those checks had been received and deposited by Devon Realty. The court noted that North Clark made several other arguments that it was somehow not responsible for making rental payments, but North Clark failed to file any affirmative defenses or counterclaims against Devon Realty. The court therefore entered judgment in favor of the Devon Realty for possession of the Leased Premises and prepared an eviction order.

¶ 14    North Clark filed a timely notice of appeal from the circuit court's judgment, and the court stayed the eviction order pending appeal. North Clark also filed a motion to set a use and occupancy bond. The court granted the motion, in part, setting the amount of the bond at $6,079.50 per month. We find that North Clark's timely notice of appeal filed on August 14, 2023, vested this court with jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303(a) (eff. July 1, 2017).

¶ 15    While this appeal was pending, Devon Realty filed in the circuit court a motion to lift the stay based on North Clark's failure to make payments pursuant to the use and occupancy bond

order. The circuit court granted that motion, lifted the stay, and extended the order for possession for 120 days. North Clark filed in this court an emergency motion to vacate the lifting of the stay. This court granted that motion and vacated the order lifting the stay.

¶ 16     Several months later, Devon Realty filed in this court a motion to lift the stay. Devon Realty contended that North Clark had failed to make the required use and occupancy payments for June and July 2024. North Clark filed a response to the motion in which it asserted that it had been unable to operate its business due to "regular weekly visits" from inspectors from the City of Chicago. North Clark represented that it expected to be able to reopen the business soon and would be able to make the use and occupancy payments by the end of August 2024. This court granted Devon Realty's motion to lift the stay.

¶ 17     Shortly thereafter, Devon Realty filed a motion in this court to dismiss the appeal as moot. In its motion to dismiss, Devon Realty contended that after this court granted its motion to lift the stay, it filed the necessary paperwork with the Cook County Sherriff to enforce the eviction order. Devon Realty represented that on September 18, 2024, North Clark was evicted from the Leased Premises and possession was returned to Devon Realty. Devon Realty attached to its motion a document from the sheriff's office, detailing that the Leased Premises had been tendered to Devon Realty's agent, James Spyropoulos. Devon Realty maintained that since the sheriff returned possession of the Leased Premises to Devon Realty, North Clark's appeal was now moot because there was no longer an actual controversy.

¶ 18     North Clark filed a response to Devon Realty's motion contending that the appeal was not moot because it was challenging the validity of the five-day notice, and had a redressable injury based on its eviction. North Clark also contended that the public interest exception to mootness applied in this case because the issues presented were "pertinent" to the public and "rewarding

Devon Realty's failure to provide proper service allows the issues to recur." North Clark also raised an argument regarding jurisdiction.

¶ 19 This court entered an order taking Devon Realty's motion with the case. We will therefore first address whether this appeal is moot with respect to the issue of possession of the Leased Premises.

¶ 20 An eviction complaint alleges that the plaintiff is entitled to possession of a subject premises and that the defendant is unlawfully withholding possession of the property. 735 ILCS 5/9-106 (West 2022). The purpose of an eviction claim is to determine "which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d 86, 90 (1993). The court will enter an eviction order in favor of the plaintiff if the plaintiff proves its allegations by a preponderance of the evidence. 735 ILCS 5/9-109.5 (West 2022).

¶ 21 This court has consistently held that where the parties dispute the possession of real property, once the defendant has been evicted from the property and the plaintiff takes possession, the issue of possession becomes moot. See, *e.g.*, *GMAT Legal Title v. Pass*, 2024 IL App (1st) 231233-U, ¶¶ 19, 24 ("In sum, as defendant has been evicted from the property and plaintiff has gained possession, the issue on appeal regarding whether plaintiff is entitled to possession of the property is moot."); *6103-07 Claremont, LLC v. Hunter*, 2024 IL App (1st) 231287-U, ¶ 27 ("Consequently, Hunter's appeal from the portion of the eviction order which granted possession of the unit to Claremont is moot because Claremont has already acquired possession of the property."); *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶ 15 ("On November 21, 2022, the sheriff enforced the eviction order and defendant was removed from the

unit and plaintiff regained possession. Therefore, defendant's appeal from that part of the eviction order which granted possession to plaintiff is moot.").

¶ 22    These decisions, and numerous other cases holding the same, rely on the holding in *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007), which stated that " 'an appeal is moot if a specific property, possession or ownership of which is the relief sought on appeal, has been conveyed to third parties.' " (Quoting *Cosmopolitan National Bank of Chicago v. Nunez*, 265 Ill. App. 3d 1012, 1015 (1994)). Although the *Circle Management* decision refers to "third parties," this court has uniformly applied that holding in cases where possession of the property has been conveyed to the plaintiff. See, *e.g.*, *Said Iskan Investments v. Drew*, 2024 IL App (1st) 231707-U, ¶ 14 ("[D]efendant's appeal from the eviction order is moot as plaintiff has already regained possession of the property.").

¶ 23    We note that while these cases have held that the defendant's eviction from the contested premises renders the issue of possession moot, issues relating to unpaid rent or other monetary damages are not rendered moot. See, *e.g.*, *Goolsby v. Thompson*, 2024 IL App (1st) 231686-U, ¶ 19 ("The jury also awarded [the plaintiff] $5120 in damages, which was not rendered moot by [the defendant] vacating the apartment."). In this case, as discussed, Devon Realty initially sought money damages from North Clark based on its failure to pay rent. However, Devon Realty withdrew its claim for money damages before judgment, and, therefore, the circuit court's order pertained solely to possession of the Leased Premises. Therefore, we find that this appeal is moot because North Clark has been evicted from the Leased Premises and Devon Realty has regained possession of the property.

¶ 24    North Clark maintains that the appeal is not moot, relying on the United States Court of Appeals for the Seventh Circuit's ruling in *Brumit v. City of Granite City*, 72 F. 4th 735 (7th Cir.

2023). However, that case is not relevant here. The issue in *Brumit* was whether the plaintiffs' potential claim for nominal damages stemming from a threatened, purportedly wrongful, eviction prevented the case from being moot. *Id.* at 737. The court nonetheless found the plaintiffs' claim was moot because the landlord did not comply with the city's request to evict, and the plaintiffs eventually vacated the property of their own accord. *Id.* at 737-78. Here, North Clark is not seeking nominal damages based on a purportedly wrongful eviction. In fact, as the circuit court noted, North Clark did not raise any affirmative defenses or counterclaims.

¶ 25    Next, North Clark argues the public interest exception to mootness applies. To determine whether the public interest exception applies, we consider: "(1) the public nature of the question; (2) the desirability of an authoritative determination for the purpose of guiding public officers; and (3) the likelihood that the question will recur." (Internal quotation marks omitted.) *Circle Management*, 378 Ill. App. 3d at 607.  We construe the public interest exception narrowly, and the party invoking the exception must make a clear showing of each of its criteria. *Commonwealth Edison Co. v. Illinois Commerce Commission*, 2016 IL 118129, ¶ 13. "If any one of the criteria is not established, the exception may not be invoked." *Id.* We will invoke the public interest exception only on " 'rare occasions' " when there is "an extraordinary degree of public interest and concern." *Id.* (quoting *People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 410 (1990)).

¶ 26    North Clark argues that the public interest exception applies in this case because the issue is "pertinent" to the public and "rewarding plaintiff's failure to provide proper service allows the issues to recur." Notably, North Clark does not raise any argument with regard to the second factor for this exception, "the desirability of an authoritative determination for the purpose of guiding public officers." The need for an authoritative determination occurs when the "law is in disarray or conflicting precedent exists." *Id.* ¶ 15. North Clark has also failed to establish how this simple

commercial matter for possession of a restaurant and lounge space based on unpaid rent is a matter of extraordinary public interest and concern. Accordingly, we find that the public interest exception does not apply to prevent mootness in this case.

¶ 27    Finally, North Clark asserts lack of jurisdiction as an exception to mootness, citing *Ortiz v. Tinsley*, 2023 IL App (1st) 220198-U. In that case, although the tenant no longer possessed the property, this court found that the case was not moot because the tenant challenged the service in the eviction proceeding. *Id.* ¶ 28. North Clark contends that it is making a similar claim here because it is challenging the Devon Realty's failure to notify it about unpaid rent under the terms of the lease by properly serving it with the five-day notice. However, the issue in *Ortiz* was whether the landlord properly served notice of the eviction proceeding. The tenant therefore challenged the court's personal jurisdiction. *Id.* ¶¶ 2, 11, 27. "Here, defendant is not seeking to maintain possession of the premises, nor is she debating the factual basis for the eviction order, *i.e.*, whether she paid the rent that plaintiff claims she owes. Rather, defendant is arguing that the circuit court never had jurisdiction over her to enter the eviction order from the beginning because plaintiff failed to effect service, and so the order is void *ab initio*." *Id.* ¶ 29. North Clark makes no such claim in this case.

¶ 28    Briefly, even if we found that an exception to mootness applied in this case, we would nonetheless affirm the circuit court's judgment. North Clark's primary contentions are that Devon Realty failed to establish that it had the capacity to pursue the eviction action because it failed to demonstrate that it either owned the Leased Premises or that it was an authorized agent of the owner, and that the five-day notice was deficient. Devon Realty's complaint for possession was based on North Clark's failure to pay rent under the terms of the lease agreement and its failure to adhere to the terms of the default notice and agreement. The lease agreement provided that it was

made between 7124 North Clark as tenant and Devon Realty as landlord. The default notice and agreement similarly stated that it was made between Mr. Lemma as president of 7124 North Clark and Devon Realty as "Landlord." In its complaint, Devon Realty asserted that it was bringing the eviction action as "the duly authorized agent for the owner of the property commonly known as 7124 N. Clark Street ***." At trial, Valerie Spyropoulos testified that she was the owner of West Ogden, which owned the Leased Premises. She testified that Devon Realty managed the property and had the authority to serve the five-day notice and maintain the eviction action. The circuit court found that this evidence was sufficient to prove that Devon Realty was entitled to possession of the Leased Premises by a preponderance of the evidence (735 ILCS 5/9-109.5 (West 2022)) and North Clark has failed to demonstrate that this determination was against the manifest weight of the evidence (*Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 11) (stating that the proper standard of review pursuant to section 9-106 of the Code of Civil Procedure is whether the circuit court's ruling was against the manifest weight of the evidence.).

¶ 29    With regard to service of the five-day notice, Mr. Polak testified that he personally served Mr. Lemma at the Leased Premises with the notice. The circuit court found Mr. Polak's testimony credible, and did not find credible Mr. Lemma's testimony that he was not served. We defer to the trial court's determination regarding the credibility of the witnesses. *Racky v. Belfor USA Group, Inc.*, 2017 IL App (1st) 153446, ¶ 107. The notice complied with the terms of the lease agreement and section 9-104 of the Code of Civil Procedure (735 ILCS 5/9-104 (West 2022)), and North Clark failed to raise any affirmative defenses to the five-day notice, which results in waiver of those defenses (see 735 ILCS 5/2-613(d) (West 2022); *Hanley v. City of Chicago*, 343 Ill. App. 3d 49, 53-54 (2003) ("Generally, in order to avoid surprise to the opposite party, an affirmative defense must be set out completely in a party's answer to a complaint and failure to do so results

in waiver of the defense.")). We further find that the notice is not invalided by the minor discrepancies North Clark identifies, such as naming the tenant as "7124 Clark Inc.," rather than "7124 North Clark Inc."

¶ 30    For the reasons stated, we dismiss North Clark's appeal as moot, and we grant the motion to dismiss taken with the case.

¶ 31    Motion to dismiss appeal granted.

¶ 32    Appeal dismissed.